## CORN et al. v. CROSBY COUNTY CATTLE CO. et al.

Motion No. 9078; No. 1083–5308.

Commission of Appeals of Texas, Section B. June 25, 1930.

**1000**

Bledsoe & Crenshaw, Lockhart & Garrard, and F. D. Brown, all of Lubbock, for plaintiffs in error.

Goree, Odell & Allen and Dayton Moses, all of Fort Worth, W. P. Walker, of Crosbyton, Lloyd A. Wicks, of Ralls, T. L. Price, of Tahoka, and L. L. Gambill, of Fort Worth, for defendants in error.

SHORT, P. J.

The motion for rehearing filed by defendants in error presents, in support thereof, the proposition that in rendering the opinion we failed to consider and decide a proposition contained in their brief filed as appellants in the Court of Civil Appeals [25 S.W.(2d) 283], which complains of the action of the trial court in refusing to require the plaintiffs in error to allege the nature and character of the title to the cattle claimed by them, as to whether their title thereto was held as community property, or as the separate property of the wife of plaintiff in error.

The plaintiffs in error Frank Corn and his wife were plaintiffs in the trial court, wherein they recovered a judgment against the defendants in error. This judgment was reversed and remanded by the Court of Civil Appeals on three grounds, whereupon a writ of error was granted upon application alone of the plaintiffs in error by the Supreme Court, and the original opinion sustained the action of the Court of Civil Appeals upon two of the grounds, in reversing the case and remanding the cause, but sustained the trial court as to one of the grounds. The defendants in error did not file an application in the Supreme Court. Having sustained the Court of Civil Appeals, in reversing the judgment of the trial court, the defendants in error, who were sustained by the Court of Civil Appeals, having failed to complain of any particular action on the part of the Court of Civil Appeals, with reference to the assignments of error presented by them in that court, which were overruled, the action of the Court of Civil Appeals upon these assignments cannot be reviewed by the Supreme Court. We therefore of necessity did not discuss in our opinion anything beyond the matters contained in the application for writ of error filed by the plaintiffs in error. The motion for rehearing, other than that part we have discussed, relates to matters which received our careful consideration and were discussed at length in the original opinion. We have again reviewed these matters and are of the opinion that the conclusion we reached in the original opinion is correct.

The defendants in error call our attention to an error of fact stated by us in the original opinion which we take pleasure in correcting. We stated that the cattle in controversy had been purchased at the bankruptcy sale, in which bankruptcy proceedings the plaintiff in error Frank Corn had been adjudged bankrupt, whereas the defendants in error did not purchase the cattle at any bankrupt sale, but at a receiver's sale, which receiver's sale was prior to the bankruptcy proceedings. It also appears that, in addition to the sale by the receivers, the defendants in error acquired the cattle purchased at the receiver's sale by virtue of a conveyance thereof executed by Frank Corn and his wife. This discrepancy pointed out by the defendants in error in their motion is not a material one by reason of the fact that we recognized in writing the opinion that the defendants in error had acquired absolute ownership of the cattle involved in the receiver's sale. However, we make the correction, since the record justifies us in doing so.

Believing that the original opinion is substantially correct, and that the law of the case has been reached, we recommend that the motion for rehearing by defendants in error be overruled.