Honorable Alan K. WILSON, Mayor of the City of Muncie, Indiana, et al., Appellants (Defendants Below),

v.

Theodore BROWN and Helen L. Brown, Appellees (Plaintiffs Below),

v.

DELAWARE–MUNCIE METROPOLITAN PLAN COMMISSION, Appellee (Defendant Below).

No. 2–783A249.

Court of Appeals of Indiana, Third District.

June 20, 1984.

Jack Quirk, Corp. Counsel, City of Muncie, Muncie, for appellants.

Ronald E. McShurley, Dunnuck, Wyrick & McShurley, Muncie, for appellees Theodore and Helen Brown.

John M. Feick, Cross, Marshall, Schuck, DeWeese & Cross, P.C., Muncie, for appellee Delaware-Muncie Metropolitan Plan Com'n.

HOFFMAN, Judge.

## OPINION ON PETITION FOR REHEARING

The Court decided the original appeal of this matter in a published opinion issued on April 19, 1984, 461 N.E.2d 1162. Appellees Theodore and Helen Brown filed a petition for rehearing on May 8, 1984. The thrust of this petition is directed at refuting certain statutory provisions relied upon by the Court in reaching its decision.

Specifically, the Browns attack the language used by the Court in the first full paragraph found on page five of its opinion wherein it misstated the content of IND. CODE § 36–3–4–14. Consequently, this portion of the opinion should be changed to read:

Further support for this position may be arrived at by analogy. IND.CODE § 36–3–4–14 empowers the mayor of a consolidated city to veto ordinances passed by the legislative body of that municipality. This statute specifically excludes certain ordinances removing them from the scope of the executive's veto power. Zoning ordinances are specifically excluded by the terms of this statute. A significant difference exists with regard to the veto power of the mayor of a second or third-class city. No such restriction applies to the veto power of these executives. Thus, it appears, by reason of the difference in the statutes, the Legislature intended the mayors of second and third-class cities to have broader veto powers than their counterparts in consolidated cities. Thus, Mayor Wilson of Muncie did not err in vetoing the zoning ordinance at issue.

Finally, the Browns contend the Court erred in relying on IND.CODE § 36–7–4–509(b). This particular subsection of the code, (b), applies to Area Plan Commissions. The action taken in the case at bar arose from an Advisory Plan Commission governed by subsection (a) of the same statute. The distinction is unimportant as both subsections treat zoning ordinances as just that, an ordinance. Generally, ordinances may be vetoed by the mayor. As that is the underlying point of this decision and subsection (a) is set out in the text of the opinion, no change is necessary.

The appropriate changes being duly noted the Browns' petition is in all other respects denied.

STATON, P.J., and GARRARD, J., concur.