STATE of Indiana, Appellant
(Respondent Below),

·v.

David CLELAND, Appellee
(Petitioner Below).

No. 4–1183A387.

Court of Appeals of Indiana,
Fourth District.

Dec. 6, 1984.

Rehearing Denied Feb. 5, 1985.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

John M. Murphy, Good & Murphy, Shelbyville, for appellee.

CONOVER, Judge.

The State of Indiana appeals the trial court's granting of David Cleland's (Cleland) petitions for post-conviction relief in three unrelated cases where Cleland previously had pled guilty to various operation of motor vehicle offenses.

We reverse.

ISSUE

We restate the State's various contentions as the following single issue:

Whether Cleland presented competent evidence demonstrating his entitlement to relief.

FACTS

Cleland filed three petitions for post-conviction relief under Ind.Rules of Procedure, Post-Conviction Rule 1, which were consolidated by the trial court. These petitions concerned (1) a 1980 conviction for operating a motor vehicle without a valid operators license, IND.CODE 9-1-4-26(a); (2) a 1978 conviction for driving under the influence of intoxicating liquor, IC 9-11-2-1 (formerly IC 9-4-1-54); and (3) a 1973 conviction for reckless driving, IC 9-4-1-56.1. Each of these convictions were entered after Cleland pled guilty.

The post-conviction relief petitions were filed July 18, 1983. The petitions' allegations were stated under penalties for perjury, and the petitions were duly notarized.

These documents were the only evidence presented by Cleland or the State during the post-conviction relief hearing. The trial court granted the petitions and ordered the three convictions expunged from Cleland's driving record. The State appealed.

DISCUSSION AND DECISION

### I. Standard of Review

■ The State's appeal challenges the sufficiency of the evidence to support the trial court's granting of the petitions. As Cleland successfully bore the burden of proof in the trial court, we must affirm the trial court's decision if it is supported by substantial evidence of probative value. *Cf. Brock v. Walton*, (1983) Ind.App., 456 N.E.2d 1087, 1091; *Kroger Co. v. Haun*, (1978) 177 Ind.App. 403, 407, 379 N.E.2d 1004, 1007.

However, because the only materials presented by Cleland to support his claims were the petition documents, and as the trial court erred in considering them as evidence, we must conclude this record contains no competent evidence showing his entitlement to relief.

### II. Petitions Improperly Treated As Evidence

The State argues Cleland presented only the verified, notarized petition documents to establish his claims for relief, these documents cannot be considered as evidence, and therefore Cleland presented no competent evidence to establish his claims. We agree.

■ In a P.C.R. 1 proceeding the petitioner must demonstrate entitlement to relief by a preponderance of the evidence. P.C.R. 1, § 5; *Vickers v. State*, (1984) Ind., 466 N.E.2d 3, 5. Concerning the "evidence" which may be presented in support of the petition, P.C.R. 1, § 5 provides in pertinent part:

All rules and statutes applicable in civil proceedings including pre-trial and discovery procedures are available to the parties. The court may receive affidavits, depositions, oral testimony, or other evidence and may at its discretion order the applicant brought before it for the hearing.

Our research has not disclosed an Indiana case concerning whether a verified, notarized petition not formally introduced under the rules of evidence for trials nevertheless may be considered as "evidence" in a post-conviction relief proceeding under P.C.R. 1, § 5. The cases cited by the State in support of its argument, to the extent they are relevant, relate only to the requirements for admission of evidence in full trials. Accordingly, we have examined analogous authority.

■ Under P.C.R. 1, § 4, the petition documents are the pleadings which initiate the post-conviction relief procedure. As a general rule, averments in pleadings are considered self-serving declarations and as such do not constitute admissible evidence. *See, Wabash Smelting, Inc. v. Murphy,* (1962) 134 Ind.App. 198, 205–06, 186 N.E.2d 586, 590, *overruled on another issue in McKinley v. Review Board of the Indiana Employment Security Division,* (1972) 152 Ind.App. 269, 271–72, 283 N.E.2d 395, 396–97; *cf. Coghill v. Badger,* (1982) Ind. App., 430 N.E.2d 405, 406–07 (conclusory, self-serving statements are not admissible). This case is technically distinguishable from *Wabash Smelting* because the allegations in Cleland's petition were made under oath, whereas the pleadings in *Wabash Smelting* were not verified. Although we have discovered no Indiana case specifically discussing the admissibility of statements made under oath in pleadings, we agree with and apply the rationale stated by the Supreme Court of Georgia in *Patrick v. Holliday,* (1946) 200 Ga. 259, 36 S.E.2d 769.

*Patrick* involved a suit in equity to establish the existence of a parol contract to convey real estate to the plaintiff by will. The plaintiff's husband testified under oath he had read the petition which initiated the

suit, and its allegations were true. In holding the petition was inadmissible the court stated:

The "petition" was not introduced in evidence. While there is nothing to identify the "petition" referred to as being the petition of the plaintiff in the lower court which contained a description of the realty in question—yet, assuming it so to be, this would not be legal testimony to establish the truth of every allegation contained therein. A party's pleadings are not ordinarily evidence in his favor.... The pleadings merely present the issues, and, where denied by the opposing party, must be established by aliunde proof. It would be revolutionary to our system of jurisprudence to permit a plaintiff to establish the allegations of the petition and make out a prima facie case by merely testifying that the contents of the petition are true. The effect of such a ruling would be prevent nonsuits, demand directed verdicts, eliminate new trials on grounds of the insufficiency of evidence, and create many other drastic and abhorrent innovations affecting the law of allegata and probata. Many other reasons may be assigned for declining to give any credit to such testimony, but suffice it to say that in a suit of this nature such evidence has no probative value. (Citations omitted.)

*Id.,* 200 Ga. at 262–63, 36 S.E.2d at 772.

There is no material difference between treating a pleading's allegations as evidence after a witness testifies under oath they are true and treating a pleading's allegations as evidence because the pleading is made under oath and notarized. In either instance, the pleading may not be used to establish the truth of the allegations therein on behalf of the party making them. The general rule stated in *Patrick* and applied here is supported by other jurisdictions. *See generally, Marlow v. Wene,* (1966) 240 Cal.App.2d 670, 680, 49 Cal.Rptr. 881, 887–88 (verified petition of father filed in custody proceeding in Tennessee, where Tennessee court made no finding of truth or falsity of allegations

therein, not admissible in subsequent California proceeding as public writing or judicial record of other state, and petition otherwise excluded as hearsay); *Elbert, Ltd. v. Hall,* (1950) 101 Cal.App.2d 208, 211, 225 P.2d 590, 591–92 (statements in answer not competent evidence); *Reyburn v. Spires,* (1963) Mo., 364 S.W.2d 589, 593 (petition alleging fraudulent conveyance improperly considered as evidence); *Freeman v. Hawkins,* (1890) 77 Tex. 498, 501, 14 S.W. 364, 365 (no error in refusal to allow party to present pleadings and judgment from prior case as evidence—averments therein were merely self-serving and not admissible), *followed in Corn v. Crosby County Cattle Co.,* (1930) Tex.Com.App., 25 S.W.2d 290, 292–93, *reh. den.* 29 S.W.2d 999; *accord* 32 C.J.S. *Evidence,* § 633(b).

▪ Statements in pleadings may be admissible as *judicial admissions* against the party making them. *See, e.g. Indiana State Highway Commission v. Vanderbur,* (1982) Ind.App., 432 N.E.2d 418, 422, *on rehearing* 434 N.E.2d 575; *accord Nisbet v. Van Tuyl,* (7th Cir.1955) 224 F.2d 66, 71–72; *Sheets v. Davenport,* (1967) 181 Neb. 621, 623–26, 150 N.W.2d 224, 228–29; *see also* 12 I.L.E. *Evidence* § 143 and authorities cited. However, we hold in proceedings under P.C.R. 1, § 5, as in judicial proceedings generally, the pleadings are not admissible to establish the matters alleged therein on behalf of the party making them.

▪ Our decision is fully consistent with the provisions of P.C.R. 1 and analogous trial rules. P.C.R. 1 is similar to other procedural rules adopted by our supreme court in that while it is not a statute, it has the same binding force as a duly promulgated statute. *See, State ex rel. Bicanic v. Lake Circuit Court,* (1973) 260 Ind. 73, 76, 292 N.E.2d 596, 598. Accordingly, it is appropriate to look to established principles of statutory construction, as well as general principles for interpretation of procedural rules, to effectuate the purposes of a procedural rule having statutory force and effect. *Cf. State Department of Public Welfare v. Stagner,* (1980)

Ind.App., 410 N.E.2d 1348, 1352, *citing* 1953 OP.IND. ATT'Y GEN No. 507 (general rules of statutory construction apply to construction of administrative rules and regulations).

▪ Unless a contrary intention is clearly apparent a word or phrase, in this case "pleadings", will be given the same meaning in different sections of the same rule. *See, State ex rel. Gary Taxpayers Ass'n, Inc. v. Lake Superior Court,* (1947) 225 Ind. 478, 490, 76 N.E.2d 254, 260, *overruled on other grounds in State ex rel. Indiana Life and Health Insurance Guaranty Ass'n. v. Marion Superior Court,* (1980) 272 Ind. 421, 427, 399 N.E.2d 356, 359–60; *Department of Treasury v. Muessel,* (1941) 218 Ind. 250, 258, 32 N.E.2d 596, 599; *Wilson v. Brown,* (1984) Ind.App., 461 N.E.2d 1162, 1164, *modified* 464 N.E.2d 1332. Also, when certain items or words are specified or enumerated in a statute or rule, then, by implication, other items or words not so specified are excluded. *Highland Sales Corp. v. Vance,* (1962) 244 Ind. 20, 25–26, 186 N.E.2d 682, 685; *Common Council of Peru v. Peru Daily Tribune,* (1982) Ind.App., 440 N.E.2d 726, 729. Moreover, when two or more words are grouped together, general words will be limited and qualified by special words. *Lincoln National Bank v. Review Board of the Indiana Employment Security Division,* (1983) Ind.App., 446 N.E.2d 1337, 1339, *citing* 2A C.D. Sands, Sutherland Statutory Construction §§ 47.16, 47.33 (1973).

Applying these principles together in this case, P.C.R. 1, §§ 4(a), 4(e) and 4(f) refer to the petition as a "pleading". Section 4(f) specifically allows the trial court to consider the "pleadings" on a motion for summary disposition of the petition. Similarly, Ind.Rules of Procedure, Trial Rule 56(C) specifically allows the trial court to consider the pleadings in evaluating a motion for summary judgment. On the other hand P.C.R. 1, § 5, in delineating materials which may be presented during the post-conviction hearing, does *not* refer to the "pleadings". The specification of "plead-

ings" in section 4, and its absence in section 5, support the conclusion the specific term "pleadings" intentionally was omitted from section 5. Similarly, as previously stated pleadings generally are *not* admissible as evidence in full trials, *Wabash Smelting, supra,* even though they may be considered in deciding a motion for summary judgment.

■ Although P.C.R. 1 § 5 does refer to "other evidence", reading this general term in light of the immediately preceding specific terms—"affidavits, depositions, oral testimony"—we conclude the term "other evidence" refers to evidence generally admissible in full trials, but does not encompass the pleadings, especially when the term "pleadings" specifically was used in P.C.R. 1, § 4 but omitted from section 5.

■ As the petitions were Cleland's pleadings initiating these actions and the only "evidence" presented at the hearing, and as we hold the pleadings are not admissible in a P.C.R. 1, § 5 hearing except as judicial admissions against the party making them, we conclude Cleland has failed to present competent evidence to establish his claims for post-conviction relief. Thus, there is no evidence in this record to sustain the trial court's conclusions. *Cf. State v. Fair,* (1983) Ind., 450 N.E.2d 66, 68 (record contained no evidence in support of claims for relief).

The judgments are reversed, and the trial court is instructed to deny the petitions for post-conviction relief and rescind its order expunging the convictions from Cleland's driving record.

YOUNG, J., concurs.

MILLER, P.J., concurs in result.