**STATE of Indiana, Appellant (Respondent Below),**

v.

**David CLELAND, Appellee (Petitioner Below).**

No. 585S183.

Supreme Court of Indiana.

May 7, 1985.

Rehearing Denied July 11, 1985.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

John M. Murphy, Shelbyville, for appellee.

ON CRIMINAL PETITION
FOR TRANSFER

PRENTICE, Justice.

This cause is before us on the petition of Cleland (Petitioner/Appellee) to transfer the cause from the Court of Appeals, Fourth District, following its reversal of the trial court's granting of Cleland's petitions for post-conviction relief. Because we find that the Court of Appeals erroneously decided a new question of law, as hereinafter set forth, we grant Cleland's petition to transfer, vacate the opinion of the Court of Appeals reported at 471 N.E.2d 722 (1984), and affirm the trial court's judgment granting post-conviction relief.

The record discloses that on July 18, 1983, Cleland filed petitions for post-conviction relief in three traffic cases in which he had entered pleas of guilty in 1973, 1978, and 1980. The petitions' allegations were signed by him and verified. These documents were the only evidence presented by either Cleland or the State at the hearing on the petitions. The trial court granted the petitions and ordered the three convictions expunged from Cleland's driving record. The State appealed.

The State argues that the petitions did not constitute competent evidence and that even if they did they had not been admitted into evidence. The State maintains that Cleland, therefore, could not have met his burden of proof and that the trial court erred in granting post-conviction relief. We cannot, however, agree with the State's contention or the Court of Appeals' holding that the petitions did not constitute competent evidence to establish Cleland's claims for post-conviction relief.

The Court of Appeals held that the petitions could not be considered as evidence inasmuch as they constituted the

pleadings which initiated the post-conviction relief procedure. In so holding, the court relied upon the general rule that averments in pleadings are considered self-serving declarations and as such are not admissible evidence. The petitions in the case at bar, however, are not ordinary pleadings. They are, in fact, affidavits.[1] The specific allegations contained therein were made subject to the penalties for perjury and signed by the Petitioner under oath. Post Conviction Rule 1 § 5 provides, in pertinent part, "The court may receive *affidavits*, depositions, oral testimony, or other evidence and may at its discretion order the applicant brought before it for the hearing." (emphasis added). Moreover, as the following exchange discloses, the trial court clearly considered the petitions to be evidence:

"COURT: Mr. Murphy, first of all let the record indicate State appears by Deputy Prosecuting Attorney, Robert E. Burkett, Jr. Movant appears in person and by counsel, John Murphy, and these petitions are signed under oath. Is there anything further the Movant would like to bring to the attention of the Court? Or do you wish to rest upon your under oath statements in the Post-Conviction Relief Motion?

MR. MURPHY: Your Honor, I believe the Petitions, each of which are (sic) self-explanatory in this Court said under oath, that the Defendant hear (sic) if the Court has any questions to ask be in the form of examination on the issues presented to the Court.

COURT: Very well. At this time does the State have any response?

MR. BURKETT: Has the Petitioner rested then?

COURT: I believe so. I don't have any questions of the Defendant.

MR. MURPHY: We rest Your Honor."

The State made no objection, at any time, to the court's reliance upon the verified petitions as evidence and clearly did not wish to challenge the correctness of the allegations. Rather, it relied upon the defense of "laches." We hold that inasmuch as the petitions were verified, absent a timely objection by the State and under the circumstances of this case, the court could properly consider them as evidence.

■ The State further argues that the petitions were not properly admitted into evidence. While the exchange quoted above reveals that the Petitioner did not move to introduce the documents into evidence, it also reveals that all parties and the court acknowledged that the documents constituted evidence in the case. It would be patently unfair to the Petitioner to reverse on this ground, when the parties clearly agreed that the documents constituted evidence, there was no objection by the State, the court as much as invited the parties to proceed without formally introducing the documents, and the petitions are a part of the record before us. In *Haskett v. Haskett* (1975), 164 Ind.App. 105, 327 N.E.2d 612, (*trans. den.*) certain affidavits were not formally introduced into evidence. The Court of Appeals observed:

"Evidence necessary to establish an ultimate fact in controversy as essential to judgment must come before the court during trial—not before and not after. *See Hardin v. State, supra; Brattain v. Herron* (1974), [159] Ind.App. [663], 309 N.E.2d 150. Here, however, both parties acquiesced in and indeed encouraged consideration of the affidavits by the trial court; the appropriate statute, § 29-1-6-6(b), contemplates such consideration; the trial court openly relied upon the affidavits without objection; and the affidavits are part of the certified record on appeal. It would be manifestly unjust to further delay this litigation, already too long moldering in the courts, in order to direct retrial of the issues for the purpose of formally admitting into evidence the affidavits."

*Id.* at 114–115, 327 N.E.2d at 617.

We find no error, and transfer is granted. The decision of the Court of Appeals is

---

1. "An affidavit is defined at a written statement under oath taken before an authorized officer." *Dawson v. Beasley* (1962), 242 Ind. 536, 542, 180 N.E.2d 367, 370. *See also Pappas v. State* (1979), 179 Ind.App. 547, 551, 386 N.E.2d 718, 720.

ordered vacated, and the judgment of the trial court is affirmed.

HUNTER and DeBRULER, JJ., concur.

PIVARNIK, J., dissents with opinion in which GIVAN, C.J., concurs.

PIVARNIK, Justice, dissenting.

I dissent from the position taken by the majority that transfer should be granted and the trial court affirmed. I believe the Court of Appeals correctly determined that the burden was on Petitioner (below) Cleland to show by a preponderance of the evidence that he had a right to relief and that he had to make such a showing by presenting some evidence. This is particularly true since the State of Indiana relied upon the defense of *laches*. I do not believe we can say in any type of pleading that the plaintiff can maintain his position by pleading under oath and then resting on that pleading. That was certainly the thinking of the State when it rested following the resting of Petitioner's case.

I do not agree with the majority that the trial court invited Petitioner to rest on his petition under oath. The court asked him what course he meant to pursue and it was Petitioner's responsibility to try his lawsuit and not that of the court. The trial court may have made such an inquiry because it was apparent there were no witnesses present or there may have been some indication that Attorney Murphy intended to do no more. Whatever we might surmise, however, it is true that Petitioner brought this petition for post-conviction relief and then offered no evidence in support of it.

I further do not agree with Petitioner's argument that the State raised different reasons for objecting to the court's actions at trial than it did here. The State moved for a Rule 50 judgment which was to say that Petitioner Cleland had not carried his burden and the State was therefore entitled to judgment. Furthermore, I don't think we can find a waiver by the State here where there is such fundamental error as to enter judgment for a party that has given no evidence whatever. I agree with

the reasoning of the Court of Appeals and my view is that we should deny transfer.

GIVAN, C.J., concurs.