**STATE of Indiana, Appellant–Respondent,**

v.

**Anthony Scott LIME, Appellee–Petitioner.**

**No. 49A04–9304–CR–132.**

Court of Appeals of Indiana, Fourth District.

Aug. 30, 1993.

Rehearing Denied Oct. 28, 1993.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellant-respondent.

James W. McNew, Brand & Allen, Greenfield, for appellee-petitioner.

CONOVER, Judge.

The State appeals the post-conviction court's grant of Anthony Scott Lime's petitions for post-conviction relief.

We affirm.

The only issue the State presents for review is whether the trial court erred in granting Lime's petitions for post-conviction relief.

On September 16, 1985, the State charged Lime by information under Cause No. A1085–6289 with operating a motor vehicle while intoxicated, a class A misdemeanor, and operating a vehicle with a blood alcohol content of .10% or more by weight, a class C misdemeanor. IND. CODE 9–30–5–2; IC 9–30–5–1. After executing a written waiver of rights, Lime pled guilty to the charge of operating a motor vehicle while intoxicated. At the sentencing hearing, the trial court asked him if he was forced to sign the plea agreement. He answered "No." Lime stipulated to the factual basis of the charge. The court then accepted his guilty plea and sentenced him.

On September 15, 1986, the State charged Lime by information under Cause No. A1086–5894 with operating a motor vehicle while intoxicated, a class D felony, and public intoxication, a class B misde-

meanor. IC 9–30–5–3; IC 7.1–5–1–3. Lime entered into a plea agreement in which the State would recommend dismissal of the second charge if he pled guilty to the charge of operating a motor vehicle while intoxicated. The plea agreement contained a written waiver of rights which Lime initialed and signed. The court asked Lime if that was his signature on the plea agreement, if he had read the sheet, if he was aware of the rights he was giving up, and if he had any questions about his rights. After Lime answered the first three questions in the affirmative and the fourth in the negative, the court accepted the plea agreement and sentenced him.

On October 20, 1992, Lime filed petitions for post-conviction relief under both causes, alleging during each of the proceedings he was not adequately advised of his constitutional rights. The court held a hearing on both petitions. At the hearing, Lime did not testify. Instead he stated he was resting on his verified petition. In argument, Lime referred to the guilty plea transcripts but they were not entered into evidence. Subsequently, the court granted both petitions and ordered his convictions vacated. In its findings of fact and conclusions of law, the court stated Lime's petition was meritorious since no evidence existed in the record to show Lime was advised of his right to a trial by jury, right to confront and cross-examine witnesses against him, or his privilege against self-incrimination prior to the entry of his pleas of guilty. The State appeals.

■ When the State appeals from an order granting post-conviction relief, the standard of review for a negative judgment does not apply. *State v. Clanton* (1982), Ind.App., 443 N.E.2d 1204, 1205. The review of civil cases tried by the court without a jury is governed by Ind.Trial Rule 52(A) which provides the judgment may not be set aside unless the findings or judgment is clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

The State argues the petitions and guilty plea transcripts did not constitute competent evidence. Therefore, the State maintains Lime did not meet his burden of proof, and the trial court erred in granting relief.

■ In a post-conviction relief proceeding, a petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1(5); *Followell v. State* (1991), Ind., 578 N.E.2d 646, 648.

In *State v. Cleland* (1985), Ind., 477 N.E.2d 537, our supreme court examined a similar question. The petitioner rested on his petitions and presented no additional evidence in support of them. Our supreme court held the petitions for post-conviction relief, which were signed under oath, were actually affidavits and could therefore be considered as evidence by the post-conviction court, absent timely objection by the State. *Id.* at 538. Our supreme court went on to hold the fact the documents were not formally admitted into evidence did not preclude the post-conviction court from considering them as such when the parties agreed they constituted evidence, the State made no objection, the court did not require the parties to proceed by formally introducing the documents, and they were part of the record before the court on review. *Id.*

Subsequently, our supreme court addressed its holding in *Cleland* in *State v. Sanders* (1992), Ind., 596 N.E.2d 225. In *Sanders*, the petitioner introduced his petition for a limited purpose and not for the truth of the matters it contained. The post-conviction court admitted the plea agreement and transcript of the guilty plea hearing into evidence. Sanders then rested. The State called no witnesses. The post-conviction court granted the petitioner's petition, quoting at length from it. On appeal, we affirmed the post-conviction court's judgment in spite of the State's argument that the petitioner did not provide testimony necessary to establish the claims contained within his petition. Our supreme court reversed, stating the trial court erroneously considered the petition as if it had been admitted into evidence to

prove the truth of the allegations contained therein. Our supreme court then reviewed its holding in *Cleland* and stated *Cleland* could not be extended to cover a petition which was admitted into evidence for a limited purpose. It then stated the better reasoned rule was presented in *Cleland's* dissent which stated a plaintiff cannot maintain his position by pleading under oath and then rest on that pleading. *Id.* at 596.

We find the facts of this case more like the facts in *Cleland.* Lime submitted to the court petitions for post-conviction relief which were signed under oath. Like the petition in *Cleland,* these were not admitted for a limited purpose, as was the petition in *Sanders.* The record reveals both parties and the court considered the petitions to be evidence. The State did not object to the court's reliance. Therefore, the trial court could under the circumstances properly consider them as evidence.

Like Lime's post-conviction relief petition, the trial court had before it the guilty plea hearing transcripts. The State correctly states a post-conviction court cannot take judicial notice of the transcript of the evidence from the original proceedings absent exceptional circumstances. *State v. Hicks* (1988), Ind., 525 N.E.2d 316, 317. The transcript must be entered into evidence just as any other exhibit. *Armstead v. State* (1992), Ind.App., 596 N.E.2d 291, cite.

As was the case with the petitions in *Cleland,* at the hearing, both parties referred to these transcripts as evidence even though they were not entered into evidence. The State did not object; rather it argued the guilty plea transcripts contained a written waiver of rights signed by Lime. Although not formally introduced as evidence, it would be manifestly unjust to Lime to reverse on this ground. *See Cleland,* 477 N.E.2d at 538.

The State, however, argues even with the transcripts and petitions as evidence, Lime failed to offer evidence to sustain his burden of pleading specific facts from which the court could conclude any absence of an advisement of rights rendered his decision to plead guilty involuntary or unintelligent.

A petitioner who claims his plea was involuntary and unintelligent but can only establish the trial judge failed to give an advisement has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry rendered his decision involuntary and unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893, 905. Thus, he must prove any erroneous or omitted advisements, if corrected, would have changed his decision to enter the plea. *Followell,* 578 N.E.2d at 648.

However, this standard does not affect the omission of guilty plea advisements concerning the right to a jury trial, the right of confrontation, and the right against self-incrimination. *Slone v. State* (1992), Ind.App., 590 N.E.2d 635, 638 (*quoting Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274). If the trial court does not inform the defendant of his *Boykin* rights, the conviction will be vacated without a showing of prejudice to the defendant. *Stamm v. State* (1990), Ind.App., 556 N.E.2d 6, 9. A defendant's guilty plea is not tainted merely because the trial court fails to repeat defendant's rights for him, so long as the record of the guilty plea proceeding contains evidence from which the trial court may validly conclude that defendant was meaningfully informed of the specific rights enumerated in *Boykin.* The trial court has an absolute duty to make an independent determination, on the basis of evidence in the record before it, whether a defendant's plea is made voluntarily and intelligently. *Hunt v. State* (1986), Ind.App., 487 N.E.2d 1330, 1334 (*citing Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461). Waiver will not be presumed or inferred. *Williams v. State* (1975), 263 Ind. 165, 325 N.E.2d 827, *reh. denied.*

Having reviewed the entire record, we find sufficient evidence to justify the post-conviction court's determination that

Lime did not knowingly and voluntarily waive his constitutional rights. Although Lime signed the standard waiver forms at both hearings, the trial court asked only a few perfunctory questions, none of which specifically dealt with the rights Lime was waiving by pleading guilty. At the sentencing hearing for Cause No. 1085–6289, the trial judge asked Lime if that was his signature on the the waiver form and if he was forced to sign it. At the sentencing hearing for Cause No. 1086–5894, the trial judge asked Lime if he had read the sheet, if he was aware of the rights he was giving up, and if he had questions about the rights. At neither hearing did the State or defense counsel question Lime as to his understanding of his constitutional rights. The State presented no post-conviction testimony that Lime was advised at the time of his pleas of his rights. The trial court had an absolute duty to make an independent determination of the defendant's understanding of the rights he was waiving at the time of the guilty plea hearing. *Hunt,* 487 N.E.2d at 1334. Upon review of the evidence we cannot say with definite and firm conviction that a mistake has been made. Therefore, the post-conviction court was not clearly erroneous in granting Lime's petitions for relief.

Affirmed.

MILLER and GARRARD, JJ., concur.