**Dayton D. EVANS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 45A04–0308–PC–402.

Court of Appeals of Indiana.

May 24, 2004.

Transfer Denied Aug. 26, 2004.

Daniel K. Whitehead, Yorktown, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Dayton Evans, challenges the post-conviction court's denial of his petition for post-conviction relief. Upon appeal, Evans presents three issues for our review: (1) whether the post-conviction court abused its discretion by denying Evans a continuance so that he could hire an attorney to represent him during the post-conviction proceedings, (2) whether the post-conviction court abused its discretion in denying Evans's petition for post-conviction relief, and (3) whether the post-conviction court abused its discretion by failing to assist and advise Evans on how to present his case.

We affirm.

Following a jury trial, Evans was convicted of attempted murder and murder after attacking his ex-girlfriend and killing her new boyfriend. The facts as stated by our Supreme Court upon Evans's direct appeal are as follows:

"[O]n June 24, 1995, Marianne Allen and her new boyfriend, James Harris, were lying together in bed in Marianne's home. They awoke to find Marianne's ex-boyfriend, Defendant Dayton Duane Evans, standing over them with a knife in each hand, asking, 'Is that the reason you won't take me back?' When Defendant moved towards Marianne with a stabbing motion, Harris reacted by throwing a comforter over her. A melee then ensued between Defendant and Harris, eventually spilling out of the bedroom, into the hallway, and ending downstairs with Defendant inflicting multiple stab wounds on Harris, ultimately killing him." *Evans v. State*, 727 N.E.2d 1072, 1076 (Ind.2000) (footnote omitted).

Evans was sentenced to concurrent terms of sixty years for the murder conviction and forty years for the attempted murder conviction. Upon direct appeal, our Supreme Court upheld Evans's convictions and sentence. *Id.* at 1083.

In November 2000, Evans attempted to file a pro se petition for post-conviction relief, but for reasons not disclosed in the record it was refused by the court. On December 18, 2000, Evans successfully filed his pro se petition for post-conviction relief along with an affidavit of indigency.[1] The post-conviction court found Evans to be indigent and thus forwarded Evans's petition to the Public Defender's office. On June 14, 2001, the Public Defender's office moved to withdraw its appearance in the case pursuant to Ind. Post–Conviction Rule 1(9)(a) and (c).[2] The post-conviction

---

1. In his petition for post-conviction relief, Evans alleged that he was denied effective assistance of trial counsel, that he was denied his right to a fair trial, and that he was denied his right to choose whether or not to testify at trial.

2. The post-conviction rules permit the Public Defender's office to withdraw its appearance

court granted the motion to withdraw and reset the post-conviction hearing for September 27, 2001.

On July 19, 2001, Evans filed a motion requesting that the hearing on his petition be continued for one to one and one-half years. The court granted his request in part, resetting the hearing for December 17, 2001. In that order, the court also informed Evans that, barring extraordinary circumstances, it would be the last continuance for the hearing on his petition. On October 18, 2001, Evans filed a motion to withdraw his petition for post-conviction relief without prejudice, which the trial court granted.

On April 15, 2002, Evans filed a second pro se petition for post-conviction relief which the post-conviction court treated as a reactivation and amendment of his original petition. Evans's second petition was forwarded to the Public Defender's office, which again withdrew its representation on his behalf pursuant to P–C.R. 1(9)(a) and (c). On June 24, 2002, Evans filed a motion for continuance of his post-conviction hearing and informed the court that his family was going to hire counsel within 180 days to represent him in the post-conviction proceedings. The trial court granted the motion and reset the hearing for October 10, 2002.

On September 18, 2002, Evans, pro se, filed a second motion for continuance requesting that the October 10 hearing be continued for six months. Evans informed the court that he was unable to obtain funds from his family, but that he had secured employment within the prison complex and that the extension was necessary so he could earn enough money to retain an attorney to represent him throughout the post-conviction proceedings.[3] The court granted the continuance and reset the hearing for April 10, 2003.

On February 28, 2003, Evans filed a status report and verified request to stay the proceedings. Evans explained in his pleading that he had previously overstated his earnings and that he actually cleared only $250.00 a month after taxes and other expenses were deducted from his pay. Without further hearing, the court denied Evans's request to stay the proceedings.

On April 10, 2003, the post-conviction court held an evidentiary hearing on Evans's petition for post-conviction relief. Evans, representing himself during the proceedings, requested a continuance, but it was denied by the court. During the hearing, Evans presented no evidence and made no argument to the court. After the hearing, and pursuant to the trial court's order, Evans, pro se, filed his proposed findings of fact and conclusions of law on May 12, 2003. Thereafter, the State filed its proposed findings and conclusions. On July 11, 2003, the post-conviction court entered its findings of fact and conclusions of law denying Evans's petition for post-conviction relief. Specifically, the court concluded that Evans did not meet his burden of proof because he failed to present any evidence in support of his claims.

■ Defendants who have exhausted the direct appeal process may challenge the correctness of their convictions and sentence by filing a post-conviction petition. Ind. Post–Conviction Rule 1(1). The petitioner for post-conviction relief has the burden of establishing his grounds for relief by a preponderance of the evidence.

if it determines that "the proceeding is not meritorious or in the interests of justice." P–C.R. 1(9)(c).

**3.** In an affidavit attached to his motion for continuance, Evans stated that he would clear $400.00 a month and that he believed he would accumulate $2,400.00 in six months.

Ind. Post–Conviction Rule 1(5); *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied*, 537 U.S. 839, 123 S.Ct. 162, 154 L.Ed.2d 61 (2002). Because he is now appealing from a negative judgment, to the extent the appeal turns on factual issues the petitioner must convince this court that the evidence as a whole unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision. *Timberlake*, 753 N.E.2d at 597.

■ Evans first argues that the trial court abused its discretion by denying his motion to continue the hearing on his petition for post-conviction relief. Rulings upon non-statutory motions for continuance are within the discretion of the trial court and will be reversed only for an abuse of that discretion and resultant prejudice. *Maxey v. State*, 730 N.E.2d 158, 160 (Ind.2000); *Watson v. State*, 776 N.E.2d 914, 920 (Ind.Ct.App.2002). An abuse of discretion occurs only where the evidence is clearly against the logic and effect of the facts and circumstances. *Watson*, 776 N.E.2d at 920.

Here, Evans filed his first petition for post-conviction relief in December 2000 and shortly thereafter was granted a continuance. Evans's petition then sat idle before the court until the Public Defender's office withdrew from the case after concluding that Evans's claims lacked merit. Thereafter, Evans requested a second continuance of one to one and one-half years. In October 2001, the court permitted Evans to withdraw his petition without prejudice. Then, Evans filed his second petition for post-conviction relief in April 2002. Again, the post-conviction court granted Evans two continuances thereby delaying the proceedings another year. In each request for a continuance, Evans explained that he needed time to retain an attorney to represent him in the post-conviction proceedings. Because his verified request to stay the proceedings was denied, Evans appeared for the scheduled hearing on his petition for post-conviction relief and orally moved to continue the hearing for a third time, asserting that he needed more time to hire an attorney.

■ Although the State cites *Daniels v. State*, 741 N.E.2d 1177 (Ind.2001) for the proposition that a post-conviction petitioner does not have a federal or state constitutional right to representation by an attorney, we note that such decision was by a 3–2 majority. We further note that in so stating the *Daniels* majority relied upon *Baum v. State*, 533 N.E.2d 1200 (Ind. 1989). In the latter case, although opining that there was no constitutional right to counsel in a post-conviction proceeding, the Court nevertheless proceeded to strongly imply some such right by testing the efficacy of a post-conviction attorney's representation. Although tested by a standard less stringent than that of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the *Baum* Court did not merely disregard the post-conviction appellant's argument upon grounds that he was not constitutionally entitled to representation at all. For this reason, we choose to decide the issue upon the supposition that in some degree a post-conviction petitioner is entitled to advice and assistance of counsel in a post-conviction proceeding, whether that entitlement is conferred by constitution or otherwise.

■ In the case before us, the post-conviction court afforded that assistance. As to both of his petitions, the court found Evans to be indigent and forwarded his petitions to the Public Defender's office. Both times, the Public Defender's office initiated representation but withdrew from the case citing lack of a meritorious claim. Thereafter, however, the court gave Evans ample time to procure an attorney of his choosing and yet, he failed to do so. Given

the logic and effect of the facts and circumstances before the court, we conclude that the trial court did not abuse its discretion in refusing to grant Evans another continuance. Moreover, as evidenced by the fact that the Public Defender's office withdrew on two occasions because it determined that Evans's claims lacked merit, Evans has failed to show how a continuance to hire an attorney would have changed the outcome of the proceedings. Thus, Evans has failed to show prejudice in the denial of his motion for continuance.

■ Evans also argues that the post-conviction court erred in denying his petition for post-conviction relief. As noted above, it was Evans's burden to establish that he was entitled to relief. P–C.R. 1(5); *Timberlake*, 753 N.E.2d at 597. At the hearing on his petition Evans presented no evidence through either testimony or documents in support of his motion. Nevertheless, citing *State v. Lime*, 619 N.E.2d 601 (Ind.Ct.App.1993), *trans. denied*, Evans argues that the post-conviction court erred in failing to consider his verified pleadings as evidence.

In *Lime*, the petitioner had filed separate petitions for post-conviction relief with regard to two separate criminal convictions in different causes. At the hearing on his petitions, the petitioner did not testify, but rather rested on his verified petitions. *Id.* at 603. In arguing to the court, the petitioner referred to the guilty plea transcripts of both causes, even though neither were formally entered into evidence. *Id.* Subsequently, the court granted both of petitioner's motions, and the State appealed asserting that the petitions and guilty plea transcripts were not competent evidence. The State maintained that the petitioner had failed to meet his burden of proof and that the post-conviction court erred in granting relief.

Upon appeal, this court considered precedent found in *State v. Cleland*, 477 N.E.2d 537 (Ind.1985). The court concluded that the petitions for post-conviction relief had been signed under oath and thus, pursuant to *Cleland*, were affidavits which could be considered as evidence by the post-conviction court. *Lime*, 619 N.E.2d at 603. The court further found that the record revealed that both parties and the court considered the petitions to be evidence, and thus concluded that under the circumstances the court properly considered them as evidence. *Id.* at 604. As to the court's reliance upon the guilty plea transcripts, the court noted that the State did not object, but rather, relied upon the transcripts in making an argument in opposition to the petitioner's claims. *Id.* The court thus concluded that under the circumstances, it would be manifestly unjust to the petitioner to reverse upon that ground. *Id.* The court therefore upheld the post-conviction court's grant of the petitioner's petitions for post-conviction relief. *Id.* at 605.

The case before us is distinguishable from the situation presented in *Lime*. To be sure, there is nothing in the record here which indicates the court or either of the parties relied upon Evans's petition as evidence. During the hearing on his petition, the court asked Evans if he had any evidence or documents to present. Evans responded that he did not. Even more notable is that, unlike the petitioner in *Lime*, Evans did not advise the court that he was resting upon his petition. Because Evans did not present any evidence in support of his claims, the State did not present any evidence in opposition thereto. From the record, it is clear that neither the court nor the State considered Evans's petition to be evidence. Additionally, we note that Evans made no argument to the court and did not in any way reference his pleadings or any evidence upon which he relied in asserting his claims for post-conviction relief. Given the above, we conclude that

the post-conviction court did not err in not considering Evans's petition for post-conviction relief as evidence. Further, we conclude that because Evans wholly failed to present any evidence in support of his petition, the post-conviction court did not err in denying his petition for post-conviction relief.

■ Finally, Evans argues that the post-conviction court erred in failing to advise him of the rules and repercussions during the hearing on his pro se petition. Specifically, Evans asserts that during the hearing the post-conviction court should have advised and assisted him as to the filing of exhibits or any other type of evidence which may have supported his claims.[4] Evans admits that there are no cases to support his claim but asks us to consider this case as a matter of first impression.

■ Pro se litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules. *Wright v. State*, 772 N.E.2d 449, 463 (Ind.Ct.App.2002). This has consistently been the standard applied to pro se litigants, and the courts of this State have never held that a trial court is required to guide pro se litigants through the judicial system. We decline Evans's invitation to impose a duty upon courts to assist and advise pro se litigants in the presentation of their case.

The judgment of the post-conviction court is affirmed.

ROBB, J., and ROBERTSON, Sr.J., concur.

---

4. In support of this claim, Evans also rehashes his earlier argument that the post-conviction court should have granted Evans a short continuance so that he could retain an attorney. As we have already concluded, the post-conviction court did not abuse its discretion in refusing to grant Evans another continuance.