Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 18 2013, 6:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**BRUCE JOHNSON-EL**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRUCE JOHNSON-EL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 09A02-1302-CR-177 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE CASS SUPERIOR COURT
The Honorable Richard A. Maughmer, Judge
Cause No. 09D02-0304-FB-20

**July 18, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Bruce Johnson-El ("Johnson-El"), appearing *pro se*, appeals the denial of his verified petition for additional credit time in Cass Superior Court. Johnson-El argues that the court wrongfully denied his request for additional credit time for completing his GED while incarcerated. However, Johnson-El failed to serve the DOC with notice of his claims in this case.

We therefore dismiss his appeal.

**Facts and Procedural History**

On April 23, 2003, Johnson-El was charged by Information with Class B felony rape. On June 4, 2004, the State filed a second count of Class B felony rape against Johnson-El. In a bench trial on March 23, 2006, the trial court granted Johnson-El's motion for judgment as a matter of law with respect to the second count, but found him guilty on the first count of Class B felony rape. Johnson-El was sentenced on May 1, 2006 to twenty (20) years executed in the Indiana Department of Correction ("DOC")

Johnson-El asserts that while he has been incarcerated, he participated in an educational program in order to receive his GED on December 18, 2007. He contends that under Indiana Code section 35-50-6-3.3, he is entitled to receive credit time of six months for completing the degree. He further states that in March of 2010, he discovered that he had not received additional credit time.

Without providing any documentation in the record of his initial denial for credit time, Johnson-El states that, on August 11, 2011, Miami Correctional Facility's Director of Education informed him that he was ineligible for GED credit time because he had previously received a GED or high school diploma in Texas. Johnson-El does provide in

the record some evidence, albeit not confirmed by the DOC, to show that he did not receive his GED or high school diploma in Texas, and that he completed his GED while incarcerated.

On November 28, 2012, Johnson-El claims he made a final appeal to the DOC through its Commissioner and Director of Education, but received no response. On January 14, 2013, Johnson-El filed his verified petition for additional credit time.

On January 16, 2013, the trial court entered its denial of Johnson-El's petition, noting that the DOC has sole authority to review and apply credit time. Johnson-El now appeals.

**Discussion and Decision**

Johnson-El's failure to serve the DOC with his complaint in this case is a jurisdictional deficiency.[1] The DOC is the sole, proper party defendant in this case. In the absence of the DOC, any judgment is void, and thus, the trial court's denial was proper. Ind. Trial Rule 19.

Although Johnson-El appeals as a *pro se* litigant, *pro se* litigants are held to the same standard as trained counsel, and must follow all procedural rules. Evans v. State 809 N.E.2d 338, 344 (Ind. Ct. App. 2004) (citing Wright v. State, 772 N.E.2d 449, 463 (Ind. Ct. App. 2002)). Johnson-El's failure to serve notice on the DOC is fatal to his claim, and we dismiss his appeal.

Dismissed.

BAKER, J., and MAY, J., concur.

---

[1] Because Johnson-El's appeal is dismissed on procedural grounds, we decline to reach the State's argument that Johnson-El provided insufficient evidence to show that he deserved credit time he claims.