## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 07 2017, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Damon Nelson
Pendleton Correctional Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Damon Nelson, *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, *Appellee-Respondent* | April 7, 2017 <br><br> Court of Appeals Case No. 49A02-1609-PC-2171 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Sheila A. Carlisle, Judge <br><br> The Honorable Stanley E. Kroh, Magistrate <br><br> Trial Court Cause No. 49G03-1512-PC-42702 |

**Crone, Judge.**

[1] Damon Nelson, pro se, appeals the postconviction court's denial of his successive petition for postconviction relief. We affirm.

[2] The relevant facts indicate that Nelson was mandatorily paroled from the Indiana Department of Correction on February 25, 2013. When he was released to parole, he executed a conditional parole release agreement, which included a provision that he "will not engage in conduct prohibited by federal or state law or local ordinance." Appellant's App. Vol 2. at 101. The agreement was signed by Nelson but not by a member of the parole board. Nelson was arrested in April 2013 on new criminal charges and was served a warrant alleging a parole violation. After the criminal charges were dismissed, the parole warrant was lifted and voided, and Nelson was released. On January 3, 2014, Nelson was recharged with two counts of possession of cocaine or a schedule I, II drug, and operating a vehicle while intoxicated under cause number 49G14-1401-FD-264. A warrant for Nelson was issued by the parole board on January 24, 2014, alleging a parole violation based upon his commission of a new criminal offense. The warrant was served on Nelson on January 28, 2014. Nelson did not receive a preliminary parole violation hearing,[1] and on November 23, 2015, he pled guilty to possession of cocaine or a schedule I, II drug. On January 8, 2016, Nelson was given notice that there would be a parole violation hearing based on his alleged violation of parole. That hearing was held on January 12, 2016. Nelson attended the hearing by

---

[1] The parties dispute whether Nelson was offered and verbally waived his preliminary hearing.

videoconference, and his parole was revoked based upon his conviction in cause number 49G14-1401-FD-264.

[3] This Court granted Nelson permission to file a successive petition for postconviction relief, and on March 16, 2016, Nelson filed his pro se amended petition for successive postconviction relief challenging the revocation of his parole. The trial court entered its findings of fact and conclusions thereon denying Nelson's petition on August 17, 2016, and this appeal ensued.

[4] Initially, we observe that although Nelson is proceeding pro se, he is held to the same standard as trained counsel and is required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. The petitioner in a postconviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of postconviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id*. On review, we will not reverse the judgment of the postconviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the postconviction court. *Id*.

[5] Nelson cannot meet his appellate burden because has not developed a cogent argument with appropriate citations to relevant authority. While he summarily asserts that his parole release agreement was invalid because it was not signed by a member of the parole board, and that his constitutional rights were

violated for various reasons including that he was not afforded a preliminary parole violation hearing, his argument is merely a recitation of facts and some procedural history with a few references to the federal and state constitutions. He fails to cite a single case or other authority to support his claims, nor does he direct us to any portion of the record to demonstrate or to adequately explain how his constitutional rights were violated. A party waives any issue raised on appeal where the party has failed to develop a cogent argument or provide adequate citation to authority and portions of the record. *See* Ind. Appellate Rule 46(A)(8)(a); *Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005), *trans. denied*. In sum, he has waived our review, as we will not entertain his bald assertions. Accordingly, we affirm the judgment of the postconviction court in all respects.

[6] Affirmed.

Baker, J., and Barnes, J., concur.