## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 13 2017, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEES |
|---|---|
| Keith A. Hoglund<br>Michigan City, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Aaron T. Craft<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keith A. Hoglund,[1]<br>*Appellant-Plaintiff*,<br><br>v.<br><br>Michael Lautzenheiser, Sr., and Kenton Kiracofe,<br>*Appellees-Defendants*. | September 13, 3017<br><br>Court of Appeals Case No.<br>90A02-1703-SC-731<br><br>Appeal from the Wells Superior Court<br><br>The Honorable Robert R. McCallen III, Special Judge<br><br>Trial Court Cause No.<br>90D01-1703-SC-71 |

---

[1] Hoglund lists himself as "Keith A. Hoglund ex rel. KEITH A. HOGLUND©" and "Keith Hoglund, Secured Party/Creditor Authorized Representative/Attorney-In-Fact in behalf of KEITH HOGLUND,© DEBTOR" on the cover page of his brief. Appellant's Brief at 1.

**Brown, Judge.**

Keith A. Hoglund appeals the dismissal of his small claims notice of claim. We affirm.

## Facts and Procedural History

On March 1, 2017, Hoglund filed a Verified Notice of Small Claim in the Wells Superior Court against Michael W. Lautzenheiser Sr., Kenton Kiracofe, and "et al. (to be determined)." Appellant's Appendix at 37. Hoglund asserted that "[t]he circumstance which brought about the loss is (A Tax recovery Issue)", and that the "extent of the loss is: Loss of Liberty re: to fraud and non-disclosure, unjust enrichment by the Official(s) named herein, based on the Claimant's Source and Origin. (Cestui Que Vie Trust) Note * IC § 30 *et seq.* (Trusts and Fiduciaries)." *Id.* He alleged that the amount of damages sought was "United States Dollars Value listed @ Six Million Nine Hundred Eighty Four Thousand, Seven Hundred and Seventy dollars ($6,984,770 est.[2]) in a deferred debt unknown to the Claimant, Revenue in International Monetary Units (negative numbers, based on accrual accounting, qualifying as a 'small claim')." *Id.*

On March 6, 2017, the court dismissed the case for failure to state a claim upon which relief can be granted. On March 17, 2017, Hoglund filed a Claimant's

---

[2] In a footnote, Hoglund stated: "A felony = 40,000 * 3 (bid, performance, payment bonds) = 120,000 * 50 years = 6,000,000.00 Incarceration Rate $53.96 per day *365 = $19,695.40*50 years=$984,770." Appellant's Appendix at 37.

Reply to Order Dismissing Cause of Action requesting the court to disregard its order to dismiss. On March 23, 2017, the court denied his requested relief. On March 29, 2017, Hoglund filed a Notice of Default. On March 30, 2017, the court noted that the cause had been dismissed on March 6, 2017, and default was improper. That same day, Hoglund filed a notice of appeal.

## *Discussion*

[4] Initially, we observe that Hoglund is proceeding *pro se*. Such litigants are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the orderly and proper conduct of [their] appeal." *Ankeny v. Governor of State of Ind.*, 916 N.E.2d 678, 679 n.1. (Ind. Ct. App. 2009) (citation omitted), *reh'g denied*, *trans. denied*.

[5] Hoglund's statement of issues provides:

> This matter was to be docketed as a small claim based on set-off (closing of escrow of the cause by 1096/1099 O.I.D.) The matter was created under 90C01-0605-FA-1 in Wells County, Indiana underwritten based on my implied consent to any/all presentments by Kenton Kiracofe and Michael Lautzenheiser Sr. *et al.* for acceptance of their charging information, when I never was in agreement to the drafting of instruments based on my source and origin. I had requested disclosure pursuant to the presentments on January 20, 2017 and February 3, 2017, made respectively. As such, the parties named as Respondent(s) have dishonored me, saying that I am not entitled to any disclosure or relief: Hence the reason for this action.

Appellant's Brief at 5. Hoglund does not cite to the record in his Statement of Facts. *See* Ind. Appellate Rule 46(A)(6) (providing that the Statement of Facts "shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C).").

In his argument section, Hoglund asserts that "[t]his 'small claim' action enables Claimant(s) to obtain enforcement of the Federal Tax form 1099 OID issue, because that filing is <u>voluntary</u> and it defines the small claim issue as a *tax*, requested to return to source." Appellant's Brief at 7. Hoglund defines "source" as "a mutual fund held by the Respondent(s) and that mutual fund was purchased with a BLOCKED GRANT that used my foreign credit blocked therein to enable Respondent(s) to assume the use of these funds in a true bill against me," and he asserts that "[t]hese mutual funds are the derivatives used to finance the IMF and are the 'source' the 1099 instructions refer to." *Id.* at 7 n.1. He asserts that the amount claimed of $6,984,770 is not for a monetary judgment but is claimed in a "deferred debt (location unknown to the Claimant); this is due to the lack of full disclosure by the Respondent(s) named herein." *Id.* at 8. The section of his brief titled "ARGUMENT" does not contain a standard of review or any citations to authority. *Id.* at 7. *See* Ind. Appellate Rule 46(A)(8) (providing that "[e]ach contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22," and that "[t]he argument must include for each issue a concise statement of the applicable standard of review").

[7] In the section of his brief titled "IN SUMMARY," Hoglund cites *United States v. Kis*, 658 F2d 526 (7th Cir. 1981), *cert. denied*, for the proposition that no more than affidavits are necessary to make a prima facie case.[3] Appellant's Brief at 9. He also cites Ind. Small Claims Rule 10(B) and appears to request default judgment because the respondents failed to respond to the claim in the summons. He also requests in part that "escrow be closed/Poll Settlement/Accord and Satisfaction/Closure/ Discharge of Cause no. 90C01-0605-FA-1," that "a writ of body attachment should be applied and arrest be made (due to Respondent(s) contempt of Court)," and that he should be released because he is "being held unjustly as a surety without full disclosure." *Id.* at 10.

[8] Lautzenheiser and Kiracofe (the "Appellees") argue that the legal theory supporting Hoglund's claim is unclear, he has waived any and all issues by failing to provide a cogent argument supported by legal authority, he lacks standing to sue them because their alleged refusal to complete his fraudulent tax documents did not cause him any legally cognizable injury, the defendants are entitled to absolute prosecutorial immunity, the small claims court lacked authority to grant Hoglund release from prison, and he is not entitled to default judgment.[4]

---

[3] Hoglund appears to be citing *Kis* for the statement that "[a]ffidavits alone should therefore certainly be sufficient to prove a prima facie case in summons enforcement proceedings." *Kis*, 658 F.2d 526, 536 n.28.

[4] The Appellees state that Hoglund is currently serving a fifty-year sentence for child molesting as a class A felony and that this court affirmed the denial of his petition for post-conviction relief. *See* Appellee's Brief at

[9] To the extent Hoglund fails to cite to relevant authority or relevant portions of the record or develop an argument with respect to the issues he attempts to raise on appeal, those arguments are waived. *See Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to cite authority or provide cogent argument), *reh'g denied*, *trans. denied*. To the extent he cites Ind. Small Claims Rule 10(B) and argues that the trial court erred in not granting his request for default judgment, he does not develop an argument that he properly filed the notice of default following the dismissal of the case. We also observe that Ind. Small Claims Rule 10(B) provides that under certain circumstances the court may render default judgment where, in part, "[t]he plaintiff has a prima facie case."[5] We cannot say that Hoglund has developed a cogent argument that he had presented a prima facie case.

---

8 (citing *Hoglund v. State*, 962 N.E.2d 1230 (Ind. 2012); *Hoglund v. State*, No. 90A02-1503-PC-182 (Ind. Ct. App. February 5, 2016)). They also state that Lautzenheiser is the former Wells County Prosecutor and that Kiracofe was the deputy prosecutor who prosecuted Hoglund for child molesting.

[5] Ind. Small Claims Rule 10(B) provides:

> If the defendant fails to appear at the time and place specified in the notice of claim, or for any continuance thereof, the court may enter a default judgment against him. Before default judgment is entered, the court shall examine the notice of claim and return thereof and make inquiry, under oath, of those present so as to assure the court that:
>
> > (1) Service of notice of claim was had under such circumstances as to establish a reasonable probability that the defendant received such notice;
> > (2) Within the knowledge of those present, the defendant is not under legal disability and has sufficient understanding to realize the nature and effect of the notice of claim;
> > (3) Either (a) the defendant is not entitled to the protections against default judgments provided by the Servicemembers Civil Relief Act, as amended (the "Act"), 50 U.S.C. appx. § 521, or (b) the plaintiff has filed with the court, subscribed and certified or declared to be true under penalty of perjury, the affidavit required by the Act (i) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (ii) if the plaintiff is unable to determine whether or not the defendant is in military service, stating

## Conclusion

[10] For the foregoing reasons, we affirm the small claims court.

[11] Affirmed.

Najam, J., and Kirsch, J., concur.

---

that the plaintiff is unable to determine whether or not the defendant is in military service; and
(4) The plaintiff has a prima facie case.

After such assurance, the court may render default judgment and, upon entering such judgment, shall assess court costs against the defendant.