Ricky E. **GRAHAM**, Appellant–Petitioner,

v.

**STATE of Indiana**, Appellee–Respondent.

No. 22A01–1008–PC–392.

Court of Appeals of Indiana.

April 20, 2011.

Ricky E. Graham, Branchville, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BARNES, Judge.

The State petitions for rehearing following our decision in *Graham v. State*, 941 N.E.2d 1091 (Ind.Ct.App.2011). The State does not challenge the ultimate outcome in our original opinion, i.e. remanding for further proceedings to readdress Graham's claim of an illusory or involuntary plea and possibly his claims of ineffective assistance of trial counsel. It takes issue instead with comments we made regarding the creation and preservation of evidentiary records in post-conviction relief ("PCR") proceedings. We grant rehearing to address the State's concerns.

As noted in our original opinion, at the beginning of Graham's PCR hearing, he informed the PCR court, "Well, I brought the complete record for the Court, you know, for the state. You know, just so they'd have it." Tr. p. 5. After some vague colloquy between Graham and the PCR court apparently regarding what part of the record from his guilty plea and sentencing hearings upon which Graham

would be relying, the PCR court stated, "I believe we can probably get that ... from the Superior Court records." *Id.* at 7. Whatever it was that Graham brought to the PCR hearing was never entered into evidence on the record and, thus, not transmitted to this court on appeal. We further expressly note that the PCR court did in fact refer to, quote from, and rely upon the original transcript of Graham's guilty plea and sentencing proceedings in its order denying Graham's PCR petition. No part of that transcript was made part of the PCR record and it was not transmitted to this court on appeal.

On appeal, the State attempted to argue that Graham had failed to support some of his PCR claims by failing to introduce the record of his guilty plea proceedings into evidence at the PCR hearing. In response to this situation, we stated:

> It is true that Graham did not insist that the materials he brought to the hearing be introduced into evidence. Still, if a party in a PCR proceeding provides the original trial record (or a part thereof) to the PCR court, the PCR court should proactively ensure that the record is officially entered into evidence as an exhibit, so that the trial record is transmitted to this court in the event of an appeal and to avoid claims of waiver for failing to submit the trial record to the PCR court. Otherwise, there is the danger of converting a procedural technicality into a trap for unsuspecting litigants, which we emphatically discourage.

*Graham,* 941 N.E.2d at 1097.

We further noted that to the extent the PCR court may have taken judicial notice of records from Graham's original guilty plea and sentencing hearings, it was im-

proper for the PCR court to have done so under precedent that existed at the time of the PCR hearing. *See id.,* at 1096–97 (citing *Douglas v. State,* 800 N.E.2d 599, 605 n. 4 (Ind.Ct.App.2003), *trans. denied* ). We did acknowledge, however, that Indiana Evidence Rule 201 had been amended, effective January 1, 2010, so as to permit courts to take judicial notice of "records of a court of this state." Ind. Evidence Rule 201(b)(5). Even if this new rule applies in PCR proceedings and allows PCR courts to take judicial notice of prior trial proceedings involving the petitioner, we still stated, "regardless of the rules regarding judicial notice, any material relied upon by a trial court in deciding a case should be made part of the record for appeal purposes." *Id.,* at 1097 n. 2.

■■■ The State now argues that these statements "effectively places the burden upon the PCR court to track down and retrieve evidence mentioned by a litigant, but not actually supplied to the court, and then to enter it into the record." Reh'g Br. p. 5. We emphatically disagree. We reiterate and slightly reword what we said in our original opinion. First, if a pro se PCR petitioner comes to court bearing a record, including a transcript or other documents, that he or she wants to use in support of his or her petition, the PCR court should ensure that the record is introduced into evidence rather than indicating that the record could be obtained by other means, which is what occurred here.[1] Second, if a PCR court does in fact, on its own initiative or at the request of a party, take judicial notice of other court records in ruling upon a PCR petition, those records should be made part of the PCR record. The PCR court here did in fact

---

1. To the extent there is any confusion in the record as to precisely what Graham brought to the PCR hearing, that confusion would be

absent if the PCR court had accepted his documents into evidence and made them part of the record.

rely on such records, but they were not made part of the PCR record and were not transmitted to this court on appeal, thereby potentially impeding appellate review of the case. Nothing in either of these statements requires a PCR court to go searching for records in support of either party's position or to become an advocate or investigator for either party.[2] We also emphasize that if a PCR court purports to take judicial notice of other court records and relies upon those records in ruling upon a PCR petition, but those records are not made part of the PCR record, it places a substantial burden upon this court on appeal to either track down those records and have them transmitted to this court, or to attempt to decide the case without benefit of those records.

We note that our statements today and in our original opinion do not conflict with two cases cited by the State, *Evans v. State*, 809 N.E.2d 338 (Ind.Ct.App.2004), *trans. denied*, and *State v. Lime*, 619 N.E.2d 601 (Ind.Ct.App.1993), *trans. denied*. In *Evans*, a pro se PCR petitioner presented no evidence and made no argument during his PCR hearing, even after being expressly asked by the PCR court if he had any evidence or documents to present. Under these facts, we held that the PCR court did not err in denying the PCR petition, as the petitioner had presented no evidence in support of it, and further held that courts have no duty to assist and advise pro se litigants in the presentation of their case. *Evans*, 809 N.E.2d at 343–44.

In *Evans*, we distinguished our holding with *Lime*, where a pro se PCR petitioner referred to transcripts of his guilty plea hearing in support of his petition. Both parties and the PCR court relied upon the transcripts as evidence, and the State did not object to relying upon them as evidence, but they were never formally entered into evidence on the record. On appeal from the granting of the PCR petition, we rejected the State's reliance upon the general rule forbidding PCR courts from taking judicial notice of the evidence from the original criminal proceeding. Instead, we held that given both parties' reliance upon the transcripts during the hearing and the State's failure to object, "it would be manifestly unjust" to reverse the granting of post-conviction relief on this basis. *Lime*, 619 N.E.2d at 604.

This case is much like *Lime*, in our view. Graham did not come to his PCR hearing empty-handed, like the petitioner in *Evans* did. Instead, Graham's statement that he had "brought the complete record for the Court," Tr. p. 5, turned into a vague discussion led by the PCR court apparently regarding alternative methods of securing the record of his earlier guilty plea and sentencing proceedings. The PCR court then did in fact secure that record and relied upon it in denying Graham's PCR petition. Under the circumstances, we believe, to borrow *Lime*'s language, that it would have been "manifestly unjust" for us to have considered the State's argument on appeal that Graham was at fault for not ensuring that a record of his original proceedings was introduced into evidence at the PCR hearing.

We further observe that the facts in this case are much different than those in *Mitchell v. State*, 946 N.E.2d 640 (Ind.Ct. App.2011). There, a pro se PCR petitioner did not attempt to introduce any part of trial record at the PCR hearing, did not ask the PCR court to take judicial notice of the trial record, and the PCR court did

---

**2.** We observe that here, although the trial court relied upon other court records not made part of the PCR record in support of its decision, it did so in a way that advanced the State's position without the State having introduced those records into evidence.

not sua sponte take judicial notice of the trial record. Under those circumstances, we held that the PCR court did not err in finding the petitioner had failed to present evidence to support his claims of ineffective assistance of trial and appellate counsel. *See Mitchell,* 946 N.E.2d at 645. Here, by contrast, Graham did obtain and bring a record with him to the PCR hearing, and furthermore the PCR court did in fact effectively take judicial notice of the guilty plea record. Our holding today is wholly consistent with *Mitchell.*

We grant rehearing, but reaffirm our original decision in all respects.

BAKER, J., and VAIDIK, J., concur.