**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**CHARLES E. JUSTISE, SR.**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW A. KOBE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES E. JUSTISE SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1209-PC-736 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert Altice, Judge
Cause No. 49G02-0509-PC-151284

**April 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Charles E. Justise, Sr. appeals from the denial of his petition for post-conviction relief and argues that the post-conviction court erred in denying him relief.

We affirm.

On September 6, 2005, Justise was charged with one count of class B felony aggravated battery and three counts of class C felony battery. Following a jury trial at which Justise proceeded pro se, Justise was convicted of two counts of class C felony battery and acquitted of the remaining charges. On July 12, 2006, the trial court sentenced Justise to consecutive five-year terms on both counts, resulting in a ten-year executed sentence.

Appellate counsel filed a notice of appeal on Justise's behalf on August 4, 2006. Justise subsequently filed a motion to proceed pro se, which was granted, and appellate counsel was ordered to withdraw her appearance. This court ultimately dismissed Justise's direct appeal due to his failure to timely file an appellant's brief. On June 10, 2011, Justise, still proceeding pro se, filed the current petition for post-conviction relief, in which he alleged multiple freestanding claims of trial error. The post-conviction court granted Justise's motion to proceed by affidavit, and issued its order denying Justise's petition for post-conviction relief on July 3, 2012. The post-conviction court found, in pertinent part, that "[u]nquestionably, each of Justise's complaints is a free-standing issue that was available for review in his direct appeal." *Appellant's Appendix* at 117. Justise filed a motion to correct error, which the post-conviction court denied. Justise now appeals.

Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. *McCary v. State*, 761 N.E.2d

2

389, 391 (Ind. 2002). "Rather, they create a narrow remedy for subsequent collateral challenges to convictions which must be based on grounds enumerated in the post-conviction rules." *Wrinkles v. State*, 749 N.E.2d 1179, 187 (Ind. 2001). A post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Henley v. State*, 881 N.E.2d 639 (Ind. 2008). On appeal from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* at 643-44.

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we confine our review to determining whether the court's findings are sufficient to support its judgment. *Graham v. State*, 941 N.E.2d 1091 (Ind. Ct. App. 2011), *aff'd on reh'g*, 947 N.E.2d 962. Although we do not defer to the post-conviction court's legal conclusions, we review the post-conviction court's factual findings under the "clearly erroneous" standard. *Id.* Accordingly, we will not reweigh the evidence or judge the credibility of witnesses, and we will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. *Id.*

"Post-conviction procedures do not provide a petitioner with an opportunity to present freestanding claims that contend the original trial court committed error." *Wrinkles v. State*, 749 N.E.2d at 1187 n.3. Rather, "'[i]n post-conviction proceedings, complaints that

3

something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal.'" *Bunch v. State*, 778 N.E.2d 1285, 1289-90 (Ind. 2002) (quoting *Sanders v. State*, 765 N.E.2d 591, 592 (Ind. 2002)).

With the exception of his claims of sentencing error, Justise concedes that he has raised only freestanding claims of error unavailable to him through a petition for post-conviction relief. Although Justise does not dispute that his sentencing claims were known and available on direct appeal, he argues that he may nevertheless present these claims in a petition for post-conviction relief because they amount to fundamental error. It is well settled, however, that freestanding claims of fundamental error are unavailable on post-conviction review. *Bunch v. State*, 778 N.E.2d 1285; *Sanders v. State*, 765 N.E.2d 591; *Smith v. State*, 792 N.E.2d 940, 943 (Ind. Ct. App. 2003). Accordingly, Justise's freestanding fundamental error claim is foreclosed in the instant collateral proceedings. The fact that Justise's direct appeal was dismissed due to his failure to timely file a brief does nothing to alter this conclusion. *See Taylor v. State*, 780 N.E.2d 430 (Ind. Ct. App. 2002) (holding that freestanding claims of sentencing error were not available in post-conviction proceedings despite the fact that petitioner did not file a direct appeal). We therefore conclude that the trial court did not err in denying Justise's petition for post-conviction relief.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.