## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 27 2016, 6:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Stephen T. Owens<br>Public Defender of Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| John Pinnow<br>Deputy Public Defender<br>Indianapolis, Indiana | Andrew A. Kobe<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael L. Spencer,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | June 27, 2016<br><br>Court of Appeals Case No.<br>35A02-1512-PC-2201<br><br>Appeal from the Huntington<br>Superior Court<br><br>The Honorable Jeffrey R.<br>Heffelfinger, Judge<br><br>Trial Court Cause No.<br>35D01-1204-PC-006 |

**Mathias, Judge.**

[1]   Michael L. Spencer ("Spencer") was convicted in Huntington Superior Court of two counts of Class A felony dealing in a Schedule I, II, or III controlled

substance and was sentenced to thirty-five years of incarceration. After Spencer's convictions and sentence were confirmed on direct appeal, he filed a petition for post-conviction relief, which was denied. Spencer appeals and argues that the post-conviction court erred in rejecting Spencer's claim that he was denied the effective assistance of trial counsel.

We affirm.

## Facts and Procedural History

The facts underlying Spencer's convictions were set forth in our memorandum decision on Spencer's direct appeal as follows:

> During eight months in 2009 and 2010, the Indiana State Police and Huntington County law enforcement officials investigated a local problem with the sale of prescription medications. In the course of their investigation, law enforcement officers put Spencer's home, which is less than 400 feet from a city park, under surveillance.

> On November 12 and 18, 2009, a confidential informant purchased methadone from Spencer at Spencer's home. Specifically, on both dates, Indiana State Police Detective Josh Haber picked up the informant and took him to a meeting with three Huntington Police Department officers. The officers searched the informant before he left the meeting. The officers also gave the informant an audio recording device to covertly record the drug transactions and $240 to purchase thirty methadone tablets. Detective Haber drove the informant to Spencer's house in an undercover vehicle and watched him walk up to the front door and into the house. After being in the house for several minutes, the informant came out through the same door he went in and walked directly to Detective Haber's car.

The informant got into the car and handed the detective a cellophane wrapper containing the thirty methadone pills he had just purchased from Spencer. Detective Haber took a statement from the informant on the way to another meeting with the three Huntington Police Department officers. Before the meeting, the officers searched the informant for additional money and drugs, and the informant gave the officers the recording device. Spencer was not arrested at the time.

On March 9, 2010, the State requested a search warrant for Spencer's home. In the probable cause affidavit, Detective Haber asserted he had probable cause to believe that evidence of drug activity, including controlled substances, United States Currency, records of drug transactions and/or other financial information, were concealed at Spencer's house because during a six-month period, an informant made numerous drug purchases from Spencer and others at Spencer's house. The November 12 and 18 transactions were the only transactions directly involving Spencer. In the affidavit, Detective Haber averred that based on his experience and training as a narcotics investigator, this type of evidence is commonly found in a drug trafficker's residence.

On March 11, 2010, Huntington Police Department Officers executed the warrant and arrested Spencer. During the search, the officers found a pill crusher and several empty prescription pill bottles with Spencer's name and his wife's name. Some of the prescriptions were for methadone. The officers also photographed the contents of a safe in Spencer's room. The safe contained several empty prescription pill bottles with Spencer's name, his wife's name, and his father's name. The prescriptions were for methadone and other drugs. The officers also found a prescription pill bottle with methadone tablets in between the mattress and box springs in Spencer's bedroom.

Trial began on August 19, 2010. The informant testified about the November 12 and 18 drug transactions. He also testified

without objection that he saw a safe in Spencer's room that contained pill bottles and pistols. The jury heard the audiotapes of the drug transactions, and the State introduced into evidence prescription records from five different pharmacies, which showed that Spencer filled monthly prescriptions for 180 methadone tablets, 120 hydrocodone tablets, and 90 xanax tablets, all from the same physician, at Walgreens. In addition, he filled another monthly prescription for 448 methadone tablets from another physician at CVS. A summary of Spencer's prescriptions revealed that Spencer purchased 6526 methadone tablets in eleven months in 2009. The tablets had a street value of over $50,000.

Also, at trial, over Spencer's objection, the trial court admitted the evidence found during the search of his home, which included the pill crusher, the prescription pill bottle with methadone tablets, empty prescription pill bottles, and the photographs of the contents of the safe. The jury convicted Spencer as charged, and the trial court sentenced him to thirty-five years on each count, sentences to run concurrently.

*Spencer v. State*, No. 35A04-1009-CR-601, 2011 WL 1233558 at \*2 (Ind. Ct. App. 2011), *trans. denied*.

[4] On appeal, Spencer claimed that the search of his home was unconstitutional because the information contained in the affidavit supporting the search warrant was stale. We rejected this claim and affirmed Spencer's conviction. *Id.* at \*3. Our supreme court denied Spencer's petition to transfer. 950 N.E.2d 1213 (Ind. 2011).

[5] Spencer then began his effort to seek post-conviction relief by filing a *pro se* petition on April 18, 2012. After the State's response, Spencer, now represented

by the State Public Defender's office, filed an amended petition for post-conviction relief. In his petition, Spencer claimed *inter alia* that his trial counsel was ineffective for failing to call certain witnesses who would have testified that the confidential informant who testified against Spencer was also dealing drugs. The trial court held an evidentiary hearing on Spencer's petition on October 13, 2015, and on November 25, 2015, the trial court entered specific findings and conclusions denying Spencer's petition, which provides in relevant part:

22.     Petitioner has failed to demonstrate that he received ineffective assistance of trial counsel. Petitioner argues that his trial counsel, Matthew Grantham, was ineffective for uncovering evidence that C.I. was a drug dealer and for not then using this evidence at trial. The only evidence Petitioner has presented to prove that C.I. was a dealer was the testimony of Kenneth Duckworth, Tyler Tackett, and Zachery Martin. First, none of these witnesses are particularly credible. They all have prior convictions that could be used to impeach them at trial under IRE 608. Second, they are all currently serving time in prison because of drug deals set up by C.I., which gives them a motive to lie about the character of C.I. When cross examined on the details of these transactions, they were hesitant to give the names of other people involved, in some instances claiming to not remember those details, but they did not hesitate to detail the wrongs committed by C.I. Mr. Grantham also testified at his deposition that, based on Duckworth having a prior impeachable offense and the circumstances of his pending charges, he did not find him to be a credible witness. Even if Mr. Grantham had interviewed these individuals in preparation for the jury trial, putting them on the witness stand would not have guaranteed an acquittal for his client.

23.     The record shows that Matthew Grantham provided effective representation before and during the jury trial. He stated

during the deposition that his trial strategy was to show that C.I. was not credible. He indicated he reviewed discovery with his client, and spoke with his client on numerous occasions in preparation for trial. He obtained a copy of C.I.'s deposition in Kenneth Duckworth's case. A review of the trial transcript shows he vigorously cross-examined witnesses, tried to suppress evidence obtained after a search of his client's home, and frequently objected during the testimony of witnesses when it would be most damaging to his client. He did cross examine C.I. on his drug use and financial gain from being a confidential informant, and suggested during closing arguments that C.I. was not credible for these reasons. Given the strength of the State's case, Mr. Grantham's strategy seems appropriate.

24.    Petitioner has not shown that he was prejudiced by Mr. Grantham not uncovering this evidence or producing this evidence at trial. As the Court has already noted, none of these witnesses are particularly reliable and they only have each other to corroborate their testimony. Petitioner has also not shown that this evidence would even be admissible at trial if it had been uncovered, let alone that it could have resulted in a not guilty verdict. Evidence that C.I. dealt drugs on occasion would be inadmissible under IRE 404(b) as character evidence and Petitioner has not provided any evidence that this would be relevant to whether Petitioner dealt drugs on November 12 and 18, 2009.

Appellant's App. pp. 95-96. Spencer now appeals.

## Post-Conviction Standard of Review

Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002). Post-conviction proceedings instead

afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). The post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Henley v. State*, 881 N.E.2d 639, 643 (Ind. 2008). Thus, on appeal from the denial of a petition for post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id*. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id*. at 643-44.

[7] Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we must determine if the court's findings are sufficient to support its judgment. *Graham v. State*, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011), *aff'd on reh'g*, 947 N.E.2d 962. Although we do not defer to the post-conviction court's legal conclusions, we review the post-conviction court's factual findings under a clearly erroneous standard. *Id*. Accordingly, we will not reweigh the evidence or judge the credibility of witnesses, and we will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. *Id.*

## Ineffective Assistance of Trial Counsel

[8]     Spencer claims that his trial counsel was ineffective. Our supreme court has summarized the law regarding claims of ineffective assistance of trial counsel as follows:

> A defendant claiming a violation of the right to effective assistance of counsel must establish the two components set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness, and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

> Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. The *Strickland* Court recognized that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or the most effective way to represent a client. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. The two prongs of the *Strickland* test are separate and independent inquiries. Thus, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.

*Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001) (citations and quotations omitted).

[9] On appeal, Spencer claims that the trial court erred in determining that his trial counsel was not ineffective for failing to call witnesses who would have testified that the confidential informant who testified against Spencer was also dealing drugs. Spencer claims that this evidence would have impeached the informant's credibility and rebutted the notion that the informant was acting simply to help the community. Spencer argues that the credibility of the informant was vital to his case because no one else was present during the controlled buys. We disagree.

[10] Even if we assume *arguendo* that Spencer's trial counsel's failure to present these witnesses was deficient performance, Spencer has not shown that this deficient performance prejudiced him. In other words, Spencer has failed to show a reasonable probability that, but for his trial counsel's alleged deficiency, the result of the proceeding would have been different.

[11] The evidence against Spencer was exceptionally strong. Although Spencer claims that no other witnesses saw the controlled buys, the audio recordings of the transactions were admitted into evidence. More importantly, the State introduced into evidence prescription records from five different pharmacies showing that Spencer filled monthly prescriptions for 180 methadone tablets, 120 hydrocodone tablets, and 90 Xanax tablets at one pharmacy and another monthly prescription for 448 methadone tablets from another physician at

another pharmacy. As we noted in our direct appeal, Spencer purchased over 6500 methadone tables — with a street value of over $50,000 — in eleven months. Moreover, the search of Spencer's home revealed overwhelming evidence of Spencer's involvement with selling methadone, including a pill crusher and empty prescription bottles with the names of both Spencer and his wife. Also, the safe in Spencer's bedroom contained other empty prescription bottles in the name of Spencer, his wife, and his father.

[12] Furthermore, as noted by the trial court, the witnesses Spencer now claims his trial counsel should have called to impeach the confidential informant's testimony were themselves of questionable reliability; they were all incarcerated on drug charges resulting from transactions set up by the informant and had every reason to impugn the informant's character. Indeed, the testimony of these witnesses might have been more harmful than helpful to Spencer's case. All of them admitted that they had participated in controlled buys involving the informant, and two of the witnesses stated that they had sold drugs from Spencer's house — a fact that corroborated the informant's testimony that these two witnesses sold methadone for Spencer, even though these two witnesses denied obtaining the methadone from Spencer.

[13] Assuming Spencer's allegations are true, his uncalled witnesses would have stated that the informant was also selling drugs at the time. Spencer has not shown that this unsurprising testimony would have created a reasonable probability that the result of the proceeding would have been any different. Accordingly, we cannot say that his trial counsel was ineffective for failing to

call these witnesses to impeach the informant's credibility, and we affirm the post-conviction court's denial of Spencer's petition for post-conviction relief.

[14] Affirmed.

Vaidik, C.J., and Barnes, J., concur.