

FILED

Jan 25 2018, 10:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

John L. Tompkins
The Law Office of John L. Tompkins
Indianapolis, Indiana

Kevin C. Muñoz
Muñoz Legal, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Angelo Bobadilla,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 25, 2018<br><br>Court of Appeals Case No.<br>29A02-1706-PC-1203<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable J. Richard<br>Campbell, Judge<br><br>Trial Court Cause No.<br>29D04-1612-PC-9318 |

**Mathias, Judge.**

[1] Angelo Bobadilla ("Bobadilla") appeals the Hamilton Superior Court's denial of his petition for post-conviction relief, arguing that his trial counsel was ineffective and that he was prejudiced by the inadequate representation.

We affirm.

# Facts and Procedural History

Bobadilla was born in Mexico in 1996, and for the last ten years, he has been living in the United States, now legally as an undocumented immigrant under the Deferred Action for Childhood Arrivals ("DACA") program. On March 1, 2016, Bobadilla pleaded guilty to Class A misdemeanor theft and Class B misdemeanor possession of marijuana.[1] As part of the plea process, Bobadilla—with counsel—filled out a standard advisement form which contained several paragraphs advising him of the consequences and rights lost as a result of pleading guilty. Next to each paragraph contained either Bobadilla's initials, or "NA" because Bobadilla's trial counsel believed that section was not applicable to his client. The back page of the advisement form contains the following statement:

> If you are not a U.S. citizen, a criminal conviction may have immigration consequences, including deportation. You should discuss this possibility with your attorney because if you do plead guilty, it will result in a criminal conviction.

---

[1] Because of the plea agreement, the State dropped one count of Class A misdemeanor possession of a controlled substance and one count of Class B misdemeanor possession of paraphernalia.

Appellant's App. p. 26. Bobadilla's trial counsel never inquired into Bobadilla's immigration status, and he incorrectly marked "NA" next to this statement.[2] The court accepted the guilty plea the next day.

[4]     On December 19, 2016, Bobadilla filed a petition for post-conviction relief, alleging that he had received ineffective assistance from his trial counsel because he was not advised of the immigration consequences of his guilty plea. An evidentiary hearing was held on March 7, 2017, where both Bobadilla's trial counsel and Bobadilla testified. Bobadilla's counsel indicated: (1) that he personally marked "NA" in the boxes on the advisement form not containing Bobadilla's initials, (2) that he never asked Bobadilla about his citizenship status, (3) that Bobadilla spoke fluent English and was familiar with American customs, (4) that he did not understand Bobadilla was a Hispanic name at the time, and (5) that Bobadilla never informed him that he was not a naturalized citizen.

[5]     Bobadilla explained during the hearing that his DACA status was at risk as a result of the conviction.[3] He also told the court that he did not read the statements on the advisement form marked with an "NA" because his trial

---

[2] Bobadilla's trial counsel had a copy of the Officer's Arrest Report Book-In Slip which indicated Bobadilla's place of birth as Cuernavaca, Mexico. *See* Appellant's App. pp. 49, 51.

[3] The Immigration and Nationality Act provides that an alien is deportable when convicted of an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii). Bobadilla's theft conviction, although a misdemeanor, is considered an "aggravated felony" for immigration purposes because it is a "crime of violence" for which he received a sentence of a year or more. *See* 8 U.S.C. § 1101(a)(43)(G).

counsel told Bobadilla that they were not applicable to him—instead, he only read the statements next to which he personally initialed. However, Bobadilla admitted to reading the certification statement at the end of the advisement form indicating that he had read and understood each paragraph on the form—he then initialed next to it, and signed his name underneath.

[6] The post-conviction court denied Bobadilla's petition on April 17 with findings of fact and conclusions of law. Bobadilla then filed an emergency motion to correct error and a request for an expedited hearing on May 12.[4] The post-conviction court denied the motion to correct error three days later without a hearing. Bobadilla now appeals.

## Discussion and Decision

[7] The post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Willoughby v. State*, 792 N.E.2d 560, 562 (Ind. Ct. App. 2003), *trans. denied*. When a petitioner appeals the denial of a petition for post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id*. On appeal, we do not reweigh evidence nor judge the credibility of witness; therefore, to prevail, Bobadilla must show

---

[4] Bobadilla's emergency motion to correct error indicated that Bobadilla was transferred to the custody of U.S. Immigration and Customs Enforcement on May 3. Appellant's App. p. 45. It also stated that Bobadilla was processed, and was eligible for deportation as soon as May 31. *Id.* at 46. Although Bobadilla's whereabouts are not clear from the record, his brief indicates that Bobadilla has been deported. Appellant's Br. at 6.

that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.*

[8] Where here, the post-conviction court made specific findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we must determine if the court's findings are sufficient to support its judgment. *Graham v. State*, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011), *aff'd on reh'g*, 947 N.E.2d 962. Although we do not defer to the post-conviction court's legal conclusions, we review the post-conviction court's factual findings for clear error. *Id.* Accordingly, we will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. *Id.*

[9] A claim of ineffective assistance of trial counsel here requires a showing that: (1) Bobadilla's trial counsel's performance was deficient by falling below an objective standard of reasonableness; and (2) that the deficient performance prejudiced Bobadilla such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Failure to satisfy either of the two elements will cause the claim to fail. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). And when it is easier to dispose of an ineffectiveness claim on the lack of prejudice, then this is the course we should follow. *Trujillo v. State*, 962 N.E.2d 110, 114 (Ind. Ct. App. 2011).

[10] Because Bobadilla's claims are based on his contention that he received ineffective assistance of counsel as part of his guilty plea, we examine his claims under our supreme court's decision in *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). *Segura* categorizes two types of ineffective assistance of trial counsel claims made in the context of guilty pleas: (1) the failure to advise the defendant on an issue that impairs or overlooks a defense, and (2) an incorrect advisement of penal consequences. *Id.* at 500; *see also Manzano v. State*, 12 N.E.3d 321, 326 (Ind. Ct. App. 2014), *trans. denied*.

[11] Bobadilla contends that his trial counsel's failure to advise him of the potential immigration consequences of his plea was prejudicial because he "was taken into custody by US Immigration and Customs Enforcement on May 3, 2017, as a result of his conviction for theft that was entered based on his guilty plea in this case." Appellant's Br. at 10.[5] Thus, Bobadilla's claim falls under *Segura's* second category where "a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead." *Segura*, 749 N.E.2d

---

[5] Bobadilla also argues that the post-conviction court made several errors when it denied his petition for post-conviction relief. Appellant's Br. at 8–11. However, the post-conviction court never addressed the "prejudice" prong of *Strickland*. Appellant's App. p. 40. Because we decide this case on the prejudicial impact counsel's alleged error had on Bobadilla, we decline to specifically address any error the trial court made in its denial of his petition for post-conviction relief. However, we do note that the State concedes that counsel's performance here may have been deficient. *See* Appellee's Br. at 11,13. Additionally, during the post-conviction hearing, Bobadilla's trial counsel admitted that marking "NA" next to the paragraph regarding immigration status on the advisement form "fell below the norms and standards for a criminal defense attorney at that time." Tr. p. 7. The State, however, objected to this testimony, and the objection was sustained by the post-conviction court.

at 507. Under this category, it is also appropriate to consider "the strength of the State's case," which a reasonable defendant would take into account when pondering a guilty plea, and "the benefit conferred upon the defendant." *Suarez v. State,* 967 N.E.2d 552, 556 (Ind. Ct. App. 2012), *trans. denied.*

[12] Bobadilla has failed to show that was he was prejudiced by trial counsel's failure to advise him of the risk of deportation. We initially note that Bobadilla never asserted that he would have proceeded to trial had he known the potential consequences of his plea. When asked if he would have reacted differently had the statement pertaining to immigration consequences not been marked NA by trial counsel on the advisement form, Bobadilla merely stated, "Yes, I would. I would take a different approach to that." Tr. p. 17. However, the approach Bobadilla would have taken is unclear, and his general statement is insufficient to establish prejudice based on improper advice from trial counsel. *See Segura,* 749 N.E.2d at 508 (Segura failed to meet required standard to show prejudice based on improper advice from counsel on penal consequences because he "offer[ed] nothing more than the naked allegation that his decision to plead would have been affected by counsel's advice."); *see also Gulzar v. State,* 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012), *trans. denied*; *State v. Bonilla,* 957 N.E.2d 682, 685 (Ind. Ct. App. 2011).

[13] Moreover, the State's case against Bobadilla was strong, and he received a substantial benefit by choosing to plea. At his plea hearing, Bobadilla agreed with the State's factual basis for his theft and possession of marijuana

convictions. And the State dropped two additional misdemeanor counts because Bobadilla accepted a plea agreement. Thus, Bobadilla admitted to the facts forming the basis of the crimes for which he was convicted, he received the benefit of avoiding two more convictions on his record, and he received an entirely suspended sentence from the court. *See Clarke v. State*, 974 N.E.2d 562, 568 (Ind. Ct. App. 2012), *trans. denied*; *Gulzar*, 971 N.E.2d at 1262. Under our supreme court's decision in *Segura*, Bobadilla has failed to establish that he would have proceeded to trial had he known of the adverse immigration risks, and he has failed to allege any special circumstances warranting post-conviction relief. Accordingly, we cannot say that Bobadilla was prejudiced by his trial counsel's failure to advise him of the risk of deportation.

[14] Bobadilla also contends that he has sufficiently proven prejudice under the United States Supreme Court's recent decision in *Lee v. U.S.*, 137 S. Ct. 1958 (2017), which he argues lowers the bar for what must be shown in an immigration action to establish prejudice. Appellant's Br. at 10. In that case, Lee was living in the United States as a lawful permanent resident when he was arrested for possessing ecstasy with intent to distribute. Lee entered into plea discussions with the Government, during which he repeatedly informed his attorney of his noncitizen status and his fear that he would be deported because of the criminal proceedings. Lee's attorney incorrectly told him that he would not be deported as a result of pleading guilty. Based on his attorney's assurances, Lee decided to plead guilty. Because Lee pleaded guilty to what qualified as an aggravated felony under the Immigration and Nationality Act,

he was subject to mandatory deportation. Lee filed a motion in federal court arguing that he had been provided constitutionally ineffective assistance of counsel.

[15] The Supreme Court found that Lee's counsel had performed deficiently and that it was prejudicial because Lee had "demonstrated a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 1969 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In finding prejudice, the Court noted the "unusual circumstances of this case" and explained that Lee had demonstrated that avoiding deportation was the determinative factor in his decision to accept the Government's plea. *Id.* at 1968. The Court explained:

> When the judge warned him that a conviction "could result in your being deported," and asked "[d]oes that at all affect your decision about whether you want to plead guilty or not," Lee answered "Yes, Your Honor." When the judge inquired "[h]ow does it affect your decision," Lee responded "I don't understand," and turned to his attorney for advice. Only when Lee's counsel assured him that the judge's statement was a "standard warning" was Lee willing to proceed to plead guilty.

*Id.* (citations omitted).

[16] Finally, the Court rejected the Government's argument that it would have been irrational for Lee to reject the plea offer in favor of trial because the evidence weighed so heavily against him. *Id.* The Court stated, "But for his attorney's incompetence, Lee would have known that accepting the plea agreement

would *certainly* lead to deportation. Going to trial? *Almost* certainly." *Id.* (emphasis in original). The Court remarked that not all individuals may choose to reject a plea in Lee's circumstances, but it was not irrational for him to do so because: (1) Deportation was the determinative issue in Lee's decision to accept a plea agreement, (2) Lee had strong connections to the United States and not his "home" country South Korea, and (3) Lee's potential consequences at trial were not markedly harsher then pleading guilty. *Id.* at 1968–69.

[17] In the case before us, although Bobadilla may have strong ties to the United States and not Mexico; unlike Lee, Bobadilla has failed to show that deportation was a determinative issue in his decision to plead guilty. Rather, the evidence shows that his decision to plead guilty was more likely heavily influenced by the State's agreement to drop two additional misdemeanor charges and its agreement to an entirely suspended sentence to probation. Importantly, Bobadilla never divulged his immigration status to his trial counsel, he never asked his attorney about deportation, and he also has never alleged that he would have gone to trial had he been properly informed of the immigration consequences of his plea. Further, Bobadilla's potential consequences at trial were greater because he faced the prospect of two additional misdemeanor convictions. Accordingly, these factual distinctions between Bobadilla's circumstances and Lee's lead us to the conclusion that Bobadilla has failed to establish prejudice under *Lee*.

# Conclusion

[18] Because Bobadilla has failed to establish that he was prejudiced by his trial counsel's deficient performance, he was not subjected to ineffective assistance of counsel. We therefore affirm the post-conviction court.

Crone, J., concurs.

Vaidik, C.J., dissents with opinion.

ATTORNEY FOR APPELLANT

John L. Tompkins
The Law Office of John L. Tompkins
Indianapolis, Indiana

Kevin C. Muñoz
Muñoz Legal, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Angelo Bobadilla,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 25, 2017

Court of Appeals Case No.
29A02-1706-PC-1203

Appeal from the Hamilton
Superior Court

The Honorable J. Richard
Campbell, Judge

Trial Court Cause No.
29D04-1612-PC-9318

**Vaidik, Chief Judge, dissenting.**

[19] I respectfully dissent. First, I believe that Bobadilla has demonstrated deficient performance, in other words, that his trial counsel's performance fell below an objective standard of reasonableness. The State apparently believes so, too. *See* Appellee's Br. pp. 11, 13-14. That is, trial counsel wrote "N/A"—not

applicable—next to the advisement "If you are not a U.S. citizen, a criminal conviction may have immigration consequences, including deportation," Appellant's App. Vol. II p. 26, without first asking Bobadilla whether this advisement applied to him. *See Padilla v. Kentucky*, 559 U.S. 356, 367 (2010) ("The weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation."). As a result of trial counsel marking "N/A," Bobadilla did not read the advisement before pleading guilty.[6]

[20] Second, I am fully convinced that Bobadilla has demonstrated a reasonable probability that he would have rejected the plea had he known that he would be deported. *See Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). Eighteen-year-old Bobadilla faced four misdemeanor charges: Class A misdemeanor theft, Class A misdemeanor possession of a controlled substance, Class B misdemeanor possession of marijuana, and Class C misdemeanor possession of paraphernalia. Two of these offenses were not deportable under the Immigration and Nationality Act—possession of marijuana and possession of paraphernalia. *See* 8 U.S.C. § 1227(a)(2). Bobadilla pled guilty to theft, a

---

[6] The majority notes that Bobadilla "admitted to reading the certification statement at the end of the advisement form indicating that he had read **and understood** each paragraph on the form." Slip op. at 4 (emphasis added). The certification is not so broad. It provides:

> I hereby certify . . . that I have read the above statements or that they were translated or read to me, **that I understand each paragraph that applies to my case,** and that I do waive and give up each and every right listed.

Appellant's App. Vol. II p. 26 (emphasis added). Bobadilla did not read the advisements marked "N/A" by his trial counsel.

deportable offense which was essentially shoplifting from Wal-Mart, *see* Appellant's App. Vol. II p. 21 (factual basis for theft), and possession of marijuana, and the trial court sentenced him to one year of probation. When Bobadilla pled guilty, he was nineteen years old, was legally in the United States as a "Dreamer" under the Deferred Action for Childhood Arrivals (DACA) program, and had lived here for at least ten years.

[21] After Bobadilla pled guilty and was sentenced to probation, he spoke to an immigration attorney, who informed him that his DACA status was at risk and that he was subject to deportation. Bobadilla then filed a petition for post-conviction relief alleging ineffective assistance of trial counsel. Bobadilla claimed that had he been properly advised of the risk of deportation, he would have "declined to accept the plea," Appellant's App. Vol. II p. 14, in other words, he would have rejected it. The post-conviction court denied Bobadilla relief. Within nine days of being detained by U.S. Immigration and Customs Enforcement, Bobadilla asked for an emergency hearing to reconsider the denial of his post-conviction petition. All this leads me to the conclusion that Bobadilla would have rejected the plea and either insisted on going to trial or attempted to negotiate a plea that did not include deportable offenses. Indeed, Bobadilla testified at the post-conviction hearing that had trial counsel advised him of the risk of deportation, he would have "reacted differently" and "take[n] a different approach." Tr. Vol. II p. 17.

The majority suggests that Bobadilla would have accepted the plea even had he been advised of the risk of deportation because of "the State's agreement to drop two additional misdemeanor charges" and "its agreement to an entirely suspended sentence to probation." Slip op. at 10. But this conclusion is at odds not only with Bobadilla's post-conviction petition and testimony but also with everyday experience. Most people in his situation would see removal to a country they have not lived in since they were children to be a serious enough punishment to justify the rejection of an arguably "favorable" misdemeanor plea and taking their chances at trial. *See Lee*, 137 S. Ct. at 1968 (explaining that it would not be irrational for the defendant to choose "almost certain[]" deportation after a trial over "certain[]" deportation under a plea agreement). Therefore, while it is theoretically **possible** that Bobadilla would have accepted the plea had he been properly advised of the risk of deportation, there is most definitely "a reasonable probability" that he would have rejected it. *See id.* at 1967. As such, I would reverse the judgment of the post-conviction court.