## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 21 2019, 8:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark S. Lenyo
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jackie Pratt,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 21, 2019

Court of Appeals Case No.
18A-CR-3099

Appeal from the St. Joseph Circuit Court

The Honorable John E. Broden, Judge

The Honorable Andre B. Gammage, Magistrate

Trial Court Cause No.
71C01-1302-FC-9

**Najam, Judge.**

## Statement of the Case

Jackie Pratt appeals the trial court's restitution order and his sentence following his conviction for nonsupport of a dependent child, as a Class C felony. Pratt presents two issues for our review:

> 1. Whether the trial court abused its discretion when it ordered him to pay $66,059.46 in restitution for his child support arrearage.
>
> 2. Whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm in part, reverse in part, and remand for further proceedings.

## Facts and Procedural History

In February 2013, the State charged Pratt with nonsupport of a dependent child, as a Class C felony. The charging information alleged that, between August 29, 2000, and January 31, 2013, Pratt had failed to provide child support for two of his dependent children in an amount that was at least $15,000. The probable cause affidavit stated that Pratt's arrearage for those dates was $39,188.66. In January 2018, the State amended the information and alleged that the dates of Pratt's nonpayment of child support were August 29, 2000, through August 3, 2010, in an amount that was at least $15,000.

On July 18, Pratt pleaded guilty as charged without an agreement. The trial court accepted Pratt's plea. At sentencing, Pratt disputed the amount of his child support arrearage, stating that he thought he owed approximately

$20,000. The State argued, but did not submit evidence, that Pratt owed $66,059.46 in child support. In its order dated December 12, the trial court ordered Pratt to pay restitution in the amount of $66,059.46, and the court sentenced Pratt to six years, with three years suspended to probation. On December 14, Pratt filed with the trial court an objection to the restitution amount, and he stated that the correct amount should be approximately $26,500. The trial court denied that objection. This appeal ensued.

## Discussion and Decision

### *Issue One:  Restitution Order*

Pratt contends that the State presented no evidence to support the amount of restitution ordered by the trial court. "The purpose of a restitution order is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victims caused by the offense." *Bennett v. State*, 862 N.E.2d 1281, 1286 (Ind. Ct. App. 2007). It is within the trial court's discretion to order restitution, and we will reverse only for an abuse of that discretion. *Id.* An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court misinterprets or misapplies the law. *Id.*

Indiana Code Section 35-50-5-3(a) provides that, in addition to any sentence imposed for a felony or misdemeanor, a court may order the payment of restitution to the victim of the crime. A trial court's restitution order must be supported by sufficient evidence of actual loss sustained by the victim of a

crime. *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), *trans. denied*. "'The amount of actual loss is a factual matter that can be determined only upon the presentation of evidence.'" *Id.* (quoting *Bennett*, 862 N.E.2d at 1286).

[7] The State concedes that it did not present any evidence of Pratt's child support arrearage at the sentencing hearing. But the State maintains that the trial court had authority to take judicial notice of the amount Pratt owes. In particular, the State asserts that it "did present and discussion [sic] a substantial amount of information from the civil case, and provided the court with [Pratt's] ISETS[1] number. This was enough for the court to take judicial notice of the support orders and arrearage amount." Appellee's Br. at 9.

[8] We cannot agree that "this was enough." While the trial court's order refers to the ISETS database, the court did not state that it took judicial notice of any court records or identify those records. Evidence is required for appellate review of a restitution order. We do not have access to the civil case or to ISETS. Without any evidence in the record on appeal to support the restitution order, our review is significantly hindered.

[9] Our Supreme Court recently addressed whether a trial court that takes judicial notice of facts not in evidence should enter supporting documentation in the record to aid appellate review. The Court stated as follows:

---

[1] ISETS stands for the Indiana Support Enforcement Tracking System.

Indiana Rule of Evidence 201 permits courts to take judicial notice of certain material, including facts "not subject to reasonable dispute" and facts "readily determined from sources whose accuracy cannot reasonably be questioned." For years, Rule 201 did not permit a trial court to take judicial notice of court records, even if they were "its own records in another case previously before the court on a related subject with related parties." *Gray v. State*, 871 N.E.2d 408, 413 (Ind. Ct. App. 2007) (emphasis omitted), *trans. denied*. Effective January 1, 2010, amended Rule 201(b)(5) now permits courts to take judicial notice of "records of a court of this state," precisely as the trial court did here. But that Rule is silent on whether a court must enter that document into the record.

On one hand, it is vital for the parties to know the exact evidentiary basis on which the judgment turned—and for appellate courts to know likewise to facilitate review. On the other hand, the ultimate purpose of judicial notice is efficient consideration of uncontroversial facts, *see Baran v. State*, 639 N.E.2d 642, 647 (Ind. 1994)—efficiency that would be undermined to the point of uselessness for judicial records if simply "tak[ing] judicial notice of the court's own records . . . [in] the 0201-CM-195 case" obligated the court to physically incorporate that entire file into the record in the present case. Judicial notice "encompasses facts ascertainable from sources that cannot reasonably be questioned, and presumably court records are such sources," in the absence of evidence tending to rebut that presumption. *Brown v. Jones*, 804 N.E.2d 1197, 1202 (Ind. Ct. App. 2004) (addressing judicial notice of the court's file in the same proceeding, before enactment of Evidence Rule 201(b)(5), for similar notice of other court records), *trans. denied*. But as the Court of Appeals has emphasized, failing to incorporate noticed court records into the record on appeal hinders appellate review. In *Graham v. State*, 947 N.E.2d 962 (Ind. Ct. App. 2011), a post-conviction court took judicial notice of the record in the underlying criminal trial but did not make it

part of the post-conviction record on appeal. The Court of Appeals noted,

> [I]f a PCR court purports to take judicial notice of other court records and relies upon those records in ruling upon a PCR petition, but those records are not made part of the PCR record, it places a substantial burden upon this court on appeal to either track down those records and have them transmitted to this court, or to attempt to decide the case without benefit of those records.

*Graham*, 947 N.E.2d at 965. . . .

*Horton v. State*, 51 N.E.2d 1154, 1160-61 (Ind. 2016).

[10] Here, again, we do not have access to either the child support orders in the civil case, which are not available on Odyssey, or to Pratt's case information through the ISETS database. Further, the State did not ask the trial court to take judicial notice of the amount of Pratt's arrearage, and nothing in the record or in the court's order indicates that the trial court in fact took judicial notice of this verifiable information.

[11] Given the record on appeal, we are obliged to say that the evidence is insufficient to support the restitution order. Accordingly, we reverse and remand to the trial court for further proceedings on this issue. The parties may submit evidence to the trial court to support their arguments regarding the amount of Pratt's arrearage, or the trial court may take judicial notice of the amount of the arrearage, providing documentation to aid our appellate review should Pratt seek review after remand.

### *Issue Two: Sentence*

[12]  Pratt also contends that his six-year sentence, with three years suspended, is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This Court has recently held that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. [*Anglemyer*, 868 N.E.2d at 494].

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[13]  Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather

whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[14] Where, as here, the offense was committed before July 1, 2014, the sentencing range for a Class C felony is two years to eight years, with an advisory sentence of four years. I.C. § 35-50-2-6. Pratt asserts that his sentence is inappropriate in light of the nature of the offense because the reason "his child support arrearage got out of control" was because he "had not worked for about ten (10) years due to health problems." Appellant's Br. at 15. But at the time of sentencing, despite his persistent health issues, Pratt was employed. That he could now work despite his health issues undermines his contention that he should be excused for having not paid child support for ten years because of his health issues. And, even if Pratt's assertions are correct, his proper remedy was to timely request a modification of his child support obligation, not to simply disregard that obligation. We cannot say that Pratt's three-year executed sentence is inappropriate in light of the nature of the offense.

[15] Pratt contends that his sentence is inappropriate in light of his character because his criminal history is minor and remote in time and because he pleaded guilty. However, we agree with the State that Pratt's criminal history, while relatively insignificant, still reflects his poor character. And, in any event, Pratt has not

presented evidence of "substantial virtuous traits or persistent examples of good character" to justify a revised sentence. *See Stephenson*, 29 N.E.3d at 122. Moreover, Pratt's guilty plea came more than five years after the initial charging information, and we cannot say as a matter of law that such a plea requires mitigating weight. Thus, we cannot say that Pratt's sentence is inappropriate in light of his character.

[16] Affirmed in part, reversed in part, and remanded for further proceedings.

Baker, J., and Robb, J., concur.