## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2018, 11:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery Haupt
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Higgason, III,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 16, 2018

Court of Appeals Case No.
64A04-1710-CR-2329

Appeal from the Porter Superior
Court

The Honorable Mary R. Harper,
Judge

Trial Court Cause No.
64D05-1611-F6-10253

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, James Higgason, III (Higgason), appeals his conviction for theft, a Level 6 felony, Ind. Code § 35-43-4-2(a).

We affirm.

# ISSUE

Higgason presents us with one issue on appeal, which we restate as: Whether the trial court showed bias and prejudice towards Higgason which prevented him from getting a fair trial.

# FACTS AND PROCEDURAL HISTORY

In October 2016, Indiana Department of Transportation (INDOT) employee, Tyrone Hare (Hare), received a tip that an individual who might be responsible for copper wire thefts from INDOT light poles was living around 25th and Burr Streets in Gary, Indiana, and driving a maroon Ford pickup truck. Indiana State Police obtained a search warrant and placed a GPS tracker on the truck. While monitoring the vehicle through the GPS tracker, Indiana State Police Detective, Brian Kubiak (Detective Kubiak), received an alert on November 7, 2016, that the vehicle had broken a geo-fence boundary around some INDOT light poles in the Lakeland Park area. When he arrived in the area, Detective Kubiak noticed a vehicle that matched the description provided to Hare. During the three hours that the vehicle was in the Lakeland Park area, Higgason exited the truck, waded through a watery ditch, and began removing the copper wiring from several light poles. Upon leaving the area, Detective

Kubiak followed the truck. Indiana State Police Trooper Andrew Rasala pulled over the maroon truck Higgason was driving for a traffic infraction and observed a large amount of wiring in the bed of the truck. The wiring in the truck matched the description and gauge of the wiring used by INDOT.

On November 8, 2016, the State filed an Information, charging Higgason with one Count of theft, a Level 6 felony. On July 20, 2017, Higgason proceeded to a jury trial where he represented himself *pro se* and, at the conclusion of the evidence, was found guilty as charged. On August 15, 2017, the trial court sentenced him to serve 912 days at the Department of Correction.

Higgason now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

Electing to represent himself at trial, Higgason contends that the trial court, on numerous occasions, exhibited a partiality and bias towards him. A trial before an impartial judge is an essential element of due process. *Everling v. State*, 929 N.E.2d 1281, 1287 (Ind. 2010). In assessing a trial court's partiality, we examine the judge's actions and demeanor while recognizing the need for latitude to run the courtroom and maintain discipline and control of the trial. *Timberlake v. State*, 690 N.E.2d 243, 256 (Ind. 1997), *reh'g denied*. "Even where the court's remarks display a degree of impatience, if in the context of a particular trial they do not impart an appearance of partiality, they may be permissible to promote an orderly progression of events at trial." *Id*. Bias and prejudice violate a defendant's due process right to a fair trial only where there

is an undisputed claim or where the judge expressed an opinion of the controversy over which the judge was presiding. *Smith v. State*, 770 N.E.2d 818, 823 (Ind. 2002). Adverse rulings are not sufficient to show bias or prejudice on the part of the trial judge. *Flowers v. State*, 738 N.E.2d 1051, 1060 n.4 (Ind. 2000), *reh'g denied*. Nevertheless, Indiana law presumes that a judge is unbiased and unprejudiced. *See Garland v. State*, 788 N.E.2d 425, 433 (Ind. 2003). To rebut this presumption, a defendant must establish from the judge's conduct actual bias or prejudice that places the defendant in jeopardy. *Smith*, 770 N.E.2d at 823. Looking at the trial in its entirety, Higgason maintains that "the cumulative impact of the trial court's rulings and statements both in front of and outside the presence of the jury [] impacted his ability to have a fair trial." (Appellant's Br. p. 10).

[8]     Prior to trial, Higgason dismissed his attorney and elected to proceed *pro se*. "Pro se litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules." *Wright v. State*, 722 N.E.2d 449, 463 (Ind. Ct. App. 2002). Although "a trial court is not required to guide *pro se* litigants through the judicial system," the trial court spent a considerable amount of time explaining to Higgason the process of voir dire, how to introduce exhibits, questioned Higgason about the witnesses he intended to question, and informed him of his right to testify prior to the commencement of the jury trial. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004). During trial, the trial court repeatedly reminded Higgason not to testify himself but instead to question the witness, and advised him how to

rephrase questions.  Despite all this, the trial court had to admonish Higgason that he "simply [was] not utilizing appropriate procedures."  (Transcript Vol. I, p. 91).  Prior to the start of the second day of trial, and outside the presence of the jury, the trial court cautioned Higgason that he

> intentionally inserted what, if the State did it, would possibly be grounds for a mistrial into the record when you were examining the female witness and waiving this paper in the air and talking about her having been arrested for Auto Theft, which you knew was highly inadmissible.  Don't do that kind of thing again. Don't do it.  Follow the rules.  You, you know, you're making a habit of saying things that are statements that, you know, you're trying to testify without testifying.  And you just follow the rules. Perhaps you don't know the rules, but I know you knew that rule, the 609 rule.  I know you knew that rule.  Follow the rules.
>
> The other thing that I would tell you is, you know, you may have things that you want to move into evidence today because we're going to get to your case, I think, pretty soon.  In order for your materials to be submitted into evidence you need to follow the proper procedure to do that.  And if you don't follow the proper procedure to do that, it won't be admissible.  Just so you understand.
>
> That's one of the reasons that I tried and tried to get you to have a Public Defender.  You've decided you can try your case on your own.  That's your rights [sic], but you need to do it correctly.

(Tr. Vol. II, pp. 35-36).

[9]     Higgason claims that the trial court showed bias and partiality by allowing the State to present objections without allowing him to respond.  Specifically,

Higgason points to several instances where the State objected based on facts not in evidence, speculation, or because Higgason's questioning was outside the scope of the State's direct. Numerous times during these objections, the trial court, while sustaining the State's objection, advised Higgason to clarify or rephrase his question for the witness. In turn, Higgason also points to instances where he objected to the State's questioning on hearsay and authenticity grounds, which the trial court overruled. The record reflects that the State responded to Higgason's objections and while the State was not successful every time, the trial court properly listened to the arguments raised by both sides and ruled accordingly. As we have noted before, the mere assertion that certain adverse rulings by a judge constitute bias and prejudice does not establish the requisite showing of prejudice. *See Voss v. State*, 856 N.E.2d 1211, 1217 (Ind. 2006).

[10] Higgason also contends that the trial court addressed his arguments in an improper tone that influenced the jury. He points, in part, to the following examples:

> [Higgason]: But am I allowed to let him read this? Maybe he can recite it? Because it has the multiple uses for this wire.
> [Trial Court]: If you do it the right way.
> [Higgason]: May I present this to the witness?
> [Trial Court]: I was asking you if you wanted a Public Defender that I told you that there were certain things that the Public Defender knows to do.

(Tr. Vol. II, p. 57).

[Higgason]: This is Exhibit 1 for the Defendant. Let me show you this picture. Is that one of the tipsters?
[Witness]: Yes, that looks to be one of them. Yes.
[Higgason]: Okay. For the record, this is Daniel Allison.
[Trial Court]: uh, uh, uh.
[State]: Object –
[Trial Court]: Now you're testifying.
[Higgason]: Oh, I'm sorry.
[Trial Court]: You have the witness identify your picture.
[Higgason]: Okay.
[Trial Court]: It's done.
[Higgason]: So what I want to do – do I put this on record? I don't know your format.
[Trial Court]: My format is the Rules of Evidence.

(Tr. Vol. II, p. 90).

[11]   Examining the trial court's actions and demeanor throughout the trial, we cannot say that the trial court was biased as to impair Higgason's right to a fair trial. At no point did the trial judge express an opinion of the controversy over which she was presiding. All of the trial court's comments reflect on the trial court's responsibility to maintain discipline and control of the trial, even if the remarks displayed a degree of impatience. *See Timberlake*, 690 N.E.2d at 256. The cumulative effect of the trial court's rulings and remarks indicate a trial judge repeatedly aiding Higgason by explaining the mechanics of trial procedure and by maintaining proper decorum in the courtroom, in accordance with the Indiana Rules of Trial Procedure and the Indiana Rules of Evidence. As such, on those occasions noted by Higgason, the trial judge was merely attempting to move the trial forward in an efficient manner. Therefore, Higgason has failed to demonstrate that the trial judge was biased.

# CONCLUSION

Based on the foregoing, we hold that Higgason failed to establish that the trial court showed bias and prejudice towards him which prevented him from getting a fair trial.

Affirmed.

May, J. and Mathias, J. concur